## LOCK *versus* MILLER.

1. The statute of this State, on the subject of allowing a party his own oath, where the amount in controversy is twenty dollars, or under, is an innovation of the common law, and must be strictly construed.

2. If an amount claimed by a defendant by way of an off-set to a suit, be more than twenty dollars, he cannot testify in regard to it, unless he relinquishes the excess.

3. An off-set is not available, if it appears to be the subject of a suit, pending when offered.

TAYLOR, J.—This was an appeal from the judgment of a justice of the peace, to the Circuit court of Dallas county. In that court the plaintiff proved, by his own oath, or it was admitted by the other party, that the defendant was indebted to him, in the sum of fifteen dollars. Evidence was then introduced, to prove that the plaintiff, as the agent of the defendant, had received upwards of fifty dollars —it does not appear how much—in Mobile ; which the plaintiff alleged, had been stolen from him : it also was admitted, by the defendant, that he had sued the plaintiff in the Circuit court, for the money he had thus received.

Upon this evidence, the court directed the defendant to execute a receipt to the plaintiff, for fifteen dollars, and, thereupon, rendered judgment against the latter. It is doubtful, from the bill of exceptions, whether the receipt of the money by the plaintiff, in Mobile, was proved by the oath of the defendant or not ; but, probably, the fair inference is, that it was: and, in this way the evidence is understood by the counsel on both sides. Viewing the case in this

light, there was certainly error in the decision of the Circuit court.

The statute on which this decision has been made, provides, " if the sum claimed be twenty dollars or under, the justice of the peace may, at the trial of of the cause, proceed to examine the plaintiff and defendant, on oath, and give judgment," &c. This statute is an innovation upon the common law, and therefore will not be extended farther than required by its letter. The intention was to authorise the parties to be examined, where the sum claimed did not exceed twenty dollars. The sum claimed by the plaintiff, in this case, does not exceed that amount: therefore the court did right in examining both parties on that subject; but the defendant claimed a set-off—that is, he, by way of defence, introduced a cross action, against the plaintiff. What was the amount that he made oath was due to him? It is true, he specified no particular sum, but he admitted, it was much more than twenty dollars—for, he said, that he had sued in the Circuit court, to recover it. To tolerate such a proceeding, would authorise a complete perversion of the law. According to the decision of the Circuit court, if there had been a dozen suits by the plaintiff, the defendant might have presented himself as a witness in each, and drawn upon this Mobile fund, upon his own oath, for twenty dollars in every instance. If the amount claimed by the defendant, by way of off-set, to be due to him, from the plaintiff, be more than twenty dollars, he cannot testify with regard to it, unless he relinquishes the excess.

But there is another fatal objection to this proceeding. The defendant had instituted a suit against the

plaintiff, to recover the money received in Mobile: he cannot be permitted to carry on two suits, for the same cause of action at the same time, nor to split up one account into several parcels : by introducing the off-set, he was, in effect doing so.

The judgment of the Circuit court is reversed, and that judgment rendered here which should have been given there.