May Term,
1838.

SHERWOOD
v.
HAMMOND.

SHERWOOD v. HAMMOND.

In *February*, 1837, *H.* sued *S.* in the *White* Circuit Court in assumpsit. Plea, non assumpsit. On the trial, *S.* offered to prove that in *March*, 1837, he sued *H.* before a justice on two promissory notes; that *H.* proved in that suit, as a set-off, the demand now sued for; that the verdict and judgment being against *H.*, he appealed to the *White* Circuit Court; and that the appeal was still pending. *Held*, that the evidence was inadmissible.

The pendency of a subsequent suit cannot be pleaded, either in bar or abatement, to a prior suit for the same cause.

*Thursday,*
*May* 31.

APPEAL from the *White* Circuit Court.

DEWEY, J.—Assumpsit by *Hammond* against *Sherwood*. Suit commenced in the *White* Circuit Court in *February*, 1837. Plea, the general issue. Judgment for the plaintiff.

On the trial, the plaintiff proved the items of his demand against the defendant as contained in a bill of particulars. The defendant then offered to prove that in *March*, 1837, he sued the plaintiff before a justice of the peace on two promissory notes, and that on the trial of that action, the plaintiff in this suit—the defendant in that—gave in evidence to the jury, as a set-off, the same matters contained in the bill of particulars; that the jury found against him, and that the justice rendered judgment accordingly; that *Hammond* appealed to the *White* Circuit Court, where the cause was then pending and undetermined. This evidence was objected to, and rejected by the Court. The defendant excepted. The rejection of this testimony raises the only point in the cause.

We think the decision of the Circuit Court was correct. By the appeal from the justice's judgment, both actions were pending in the Circuit Court at the same time. This the elder, and the appeal the younger. Neither was decided. *Hammond*, by attempting to set off his account against the demand of *Sherwood* before the justice, became a *quasi* plaintiff; and we must view the question in the same light, as if he had commenced two actions in the Circuit Court for the same cause. The pendency of that which was first commenced might have been pleaded in abatement of the other; but not *e converso*. *Renner* v. *Marshall*, 1 Wheat. 215. This, however, is not an attempt to abate either of the actions, but to give in evidence, under the general issue, the pendency of and

proceedings in the younger, in bar of the elder action. This is clearly inadmissible. The *pendency* of even a prior suit cannot be set up in defence of another for the same cause: it can only be adduced in evidence under a plea in abatement; 1 Chitt. Pl. 7 *Am.* from 6 *Lond.* ed. 488; nor can it operate in mitigation of damages.

<div style="text-align:right">May Term, 1838.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*I. Naylor,* for the appellant.

*A. S. White* and *R. A. Lockwood,* for the appellee.