Nov. Term,
1853.

RANKIN
v.
HARPER.

Owsley and Another *v.* Barbour and Others.

APPEAL from the *Marion* Circuit Court.

Saturday,
December 31.

(1) *Ante,* p. 584.

---

## RANKIN *v.* HARPER.

A defendant may elect between claiming a set-off or recoupment in an action brought against him, and bringing a cross action for his demand.

If he elects to bring the cross action, he is bound by that action, at least till he abandons it by dismissing his suit.

ERROR to the *Kosciusko* Circuit Court.

Saturday,
December 31.

Perkins, J.—Bill by *Harper* against *Rankin* for the foreclosure of a mortgage. *Rankin* answered setting forth that the mortgage was given to secure the payment of the last instalment of the purchase-money for the land embraced by it; that the purchase was made by him of *Harper*, on the representations of the latter as to quantity, quality, &c.; that the representations were false, and that he was entitled to a large deduction, one equal to the balance due, from the agreed price, &c.

The bill in the case was filed in *March*, 1847, and the answer on the 29th of *April* of the same year.

The plaintiff replied by way of a plea to this answer, that on the 5th day of *April*, 1847, the said defendant commenced an action at law against the plaintiff to recover damages for the identical misrepresentations, &c., set up in his answer to the bill in this case, which action was still pending, &c.

Depositions were on file, and the whole cause seems to have been referred to the Court upon the plea, as it may be called, to the answer. The Court seems to have sustained the plea, excluded the defence set up in the answer, and decreed for the plaintiff the amount of his demand.

This was right. A defendant may elect between claiming a set-off or recoupment in an action brought against him, and bringing a cross action for his demand. He is bound by his election, at least till he shall abandon it by dismissing his first suit. Here he elected to bring a cross action, and adhered to it by continuing that action.

In *Sherwood* v. *Hammond*, 4 Blackf. 504, wherein the defendant sought to set up in defence a claim for which he had brought a cross action, the Court say:

"*Hammond*, by attempting to set off his account against the demand of *Sherwood* before the justice, became a *quasi* plaintiff; and we must view the question in the same light as if he had brought two actions in the Circuit Court [to which the cause before the justice had been appealed] for the same cause. The pendency of that which was first commenced might have been pleaded in abatement of the other; but not *e converso*."

This is in point.

We have no doubt, on the evidence, that *Rankin* is entitled to redress against *Harper*, but he must seek and doubtless will obtain it, through the channel he selected first, viz., his suit at law.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*O. H. Smith, S. Yandes* and *J. B. Chapman*, for the plaintiff.