## SUPREME COURT.

### CORDIER agt. CORDIER.

In an action for a *divorce* for alleged adulteries of the defendant, during a certain period, the plaintiff is not required to proceed by *supplemental complaint*, but may commence a *second action* demanding the same relief for alleged adulteries with the same person, charged to have occurred *after the commencement of the first action;* and an answer of the defendant to the second action, of another action pending in the court for the same cause, is *insufficient.* (SUTHERLAND, J., *dissenting.*)

Where the *order* of the court requires the defendant to *stipulate to refer the action,* as a consideration for leave to answer, it is *erroneous.* The defendant has a right to have any defence on the merits to such an action tried in the usual manner.

*New York General Term, December*, 1863.

SUTHERLAND, LEONARD and BARNARD, *Justices*.

ACTION for divorce by reason of alleged adulteries.

The defendant answered another action pending in this court for the same cause. On motion, this answer was stricken out, as sham and irrelevant, by order entered July 22, 1863. An appeal from this order was taken to the general term.

LOWERY & FRANSIOLI, *for plaintiff*.
BRAINARD & RICE, *for defendant*.

LEONARD, Justice. It is insisted that no former action was pending for the same cause when the present action was commenced, because the particular events charged

were not in all respects identical. The only difference in fact is the time when the adulteries are charged to have been committed. In each case the adultery is alleged to have been committed with the same person, and the relief sought is a divorce.

At the hearing I was inclined to consider the answer sufficient; but, on further consideration, I have arrived at a different conclusion.

The case comes within that class in which the defendant is entitled, on motion, to an order staying the plaintiff's proceedings in one action, until the other (at the election of the plaintiff as to the one in which he will proceed) shall be tried. (*Clark* agt. *The Metropolitan Bank*, 5 *Sandf*. 665.)

The adulteries charged in the latter action occurred after the commencement of the former. I entertain no doubt that a new cause of action is stated in the second complaint. Although the plaintiff might have proceeded by supplemental complaint in the former action, that practice was not compulsory, and the plaintiff might, as he has done, resort to a new action.

The order appealed from is wrong, I think, in requiring the defendant to stipulate to refer the action as a consideration for leave to answer.

If the defendant has any defence upon the merits, she should not be deprived of a trial in the usual manner.

The order should be modified so as to permit the defendant to answer in ten days, and, in consideration of her sex, without costs.

BARNARD, J., concurred.

SUTHERLAND, P. J., *dissenting*. The general rule is: "*Nemo debet bis vexari pro eadem causa*." (*Kitchen and others* agt. *Campbell*, 3 *Wilson*, 308; *Miller* agt. *Manice*, 6 *Hill*, 129.)

In *Kitchen* agt. *Campbell* it is said: "What is meant by

the same cause of action is, where the same evidence will support both of the actions, although the actions may happen to be grounded on different writs. This is the test to know whether a final determination in a former action is a bar or not to a subsequent action."

This test is referred to and approved in the case in 6th *Hill* (*supra.*) (*See also Price* agt. *King*, 7 *John.* 20; *Johnson* agt. *Smith*, 8 *John.* 383.)

The counsel for plaintiff refers to these cases in his points, and concedes the test; but he says that it is, of course, apparent that evidence which must be produced to support (this) the second action, would be wholly inadmissible in this first action. To me it is plain, from the complaints in the two actions, that the plaintiff would have a right to prove, in the second action, all the acts of adultery that he would have a right to prove in the first. In other words, that the same evidence would entitle him to a divorce in either action.

The complaint in the first action (which was probably commenced about the 6th of February, 1861, for the summons is dated on that day) alleges that the defendant, on the 26th, 27th, 28th and 29th days of June, 1860, at the city of New York, did commit adultery, etc., with a certain individual (naming him), and hath since lived with the said individual as his wife. The complaint in the second action alleges that the defendant has committed adultery and has had carnal connection with the same individual (naming him), and that "she has been, for several years last past, and now is, living in the city of New York, in a continuing state of adultery with him, to whom she alleges she has been actually married, and that she has had several children by him." The complaint in the second action appears to have been verified on the 30th of May, 1863, and the action was probably commenced on or about that day.

Now, cannot the plaintiff, to prove this allegation in the

complaint in the second action, give evidence of the acts of adultery, and of the continuous adulterous intercourse charged in the complaint in the first action; and if he can, would he not be entitled to a judgment of divorce in either action, on the same evidence?

It is true that the complaint in the second action contains the further allegation "that the defendant, at divers places within the state of New York, and at various times within two years last past, but at what particular times and places the plaintiff does not know, and is unable to state, has committed adultery," etc., with the same individual previously named; but this allegation is not important on the question we are considering, for without giving any evidence of it, the plaintiff could obtain a divorce in the second action, by proving the acts of adultery and continuing state of adultery charged in the complaint in the first action under the first allegation in the complaint in the second action of adultery, and of a continuing state of adultery for several years last past. The general charge of adultery and of a continuing state of adultery for the indefinite period of time implied by the words several years last past, would certainly permit evidence in the second action of the adultery and continuing adulterous intercourse alleged in the complaint in the first action.

But this is taking a very limited view of the question, as to the truth of the defendant's answer in the second action, that there was a prior action for the same cause of action then pending in this court; for it is plain to me if the complaint in the second action was limited in its allegations of adultery to the acts of adultery alleged to have been committed within two years last past, or, in other words, if the complaint alleged only acts of adultery committed since the commencement of the first action, that still the answer of a prior action pending would be true, because the plaintiff by the complaint in the second action

asks for the same relief that he does by his complaint in the first action, and no other or further relief.

I understand the rule in the court of chancery to be that the plea of a prior suit pending can be pleaded when all the relief sought in the second action is attainable in the first. (1 *Barb. Ch. Pr.* 125, 126; *Law* agt. *Rigby*, 3 *Bro. Ch. Ca.* 60; *Pickford* agt. *Hunter*, 5 *Sim.* 122; *Story Eq. Pl.* § 337.)

It is new doctrine to me that a plaintiff, commencing an action at law or in equity to-day for certain relief, has a right to commence another to-morrow or next day, in the same court, for the same relief, because to-morrow or next day furnishes him with new or additional evidence, or grounds for the relief.

It would be difficult, I think, to find an authority showing that a plaintiff has a right thus to split up his evidence and bring different actions for the same relief.

If the plaintiff had a right to bring the second action because the adulterous intercourse charged in the complaint in the first action continued after the commencement of that action, I do not see, if the allegations of the second complaint are true, why he had not a right to commence an action for divorce regularly every morning for several years, and have them all pending at the same time in the same court.

It seems that the plaintiff would not have had a right, even by supplemental complaint or bill, to set up the acts of adultery which occurred, or the adulterous intercourse which continued after the commencement of the first action, for such new acts of adultery or continued adulterous intercourse would not have varied the relief to which he was entitled under his first complaint. (*Hasbrouck* agt. *Shuster*, 4 *Barb.* 285; *Adams* agt. *Dawding*, 2 *Mad.* 59; *Milne* agt. *Harewood*, 17 *Ves.* 144.)

It was not for the plaintiff, on his motion to strike out

the defendant's answer, setting up the prior action pending, to take the ground that he was not an inhabitant of this state when the first action was commenced, and, therefore, the court had not jurisdiction of the action. If that was so, and if, for that reason, he could not obtain the relief asked for in that action, he should have paid the defendant's costs in the action, and discontinued it before commencing the second action.

I do not see the pertinency of the case in 5 *Sandf.*, referred to by brother LEONARD, in his opinion. Surely the plaintiff cannot have more than one divorce from the defendant for adultery. Surely he is not entitled to several judgments of divorce for different acts of adultery as penalties for the different acts.

In another view, I think the order appealed from should not have been made.

The answer certainly was not irrelevant, and whether it was sham or not was rather a question of law than of fact. When that is the case, it appears to me that an answer should not be struck out summarily on motion as sham.

I think the order appealed from should be reversed, with costs.