## COLLYER *a.* COLLINS.

*Supreme Court, First District; General Term, March,* 1864.

CONTRACT.—USAGE.—OPINION OF WITNESS.—EXTRA WORK.— FORMER RECOVERY.—ANOTHER ACTION PENDING.—AMEND- MENT OF PLEADING.—VARIANCE.—FORM OF EXCEPTION.

Where a contract has been made for the construction of a thing—*e. g.*, a vessel, at a fixed price, the contractor cannot recover additional compensation, as for extra work, merely upon proof that such work was done at the defendant's re- quest, and that he accepted the work when completed. The defendant's re- quest, in the absence of further evidence, is deemed merely a notice of his claim that the contract calls for such work.

An exception need not be more specific than the conclusion or finding to which it is taken.

Thus, where the only conclusion of law was, " that the defendant is indebted," etc.,—*Held*, that a general exception was sufficient to authorize the general term to review the various rulings implied by this conclusion.

The recovery of judgment by defendants against plaintiff having been given in evidence by way of set-off. the defendants are at liberty to avail themselves of such recovery as an estoppel, if the record so warrant, without regard to the theory of the answer.

A judgment in favor of the owner of a vessel against the builder, for damages for a failure to complete the vessel according to contract, is a bar to an action by the builder for extra work performed during the building of the vessel. (SUTH- ERLAND, J.; to the contrary, LEONARD, J.)

The fact that the plaintiff has availed himself of his cause of action as a counter- claim against the present defendants in an action still pending, is a bar to his action. (SUTHERLAND, J. ; to the contrary, LEONARD, J.)

A plaintiff who has set up his cause of action as a counter-claim against the same

parties in a previous suit, should be put to his election between the two modes of relief, but is not otherwise barred by the pendency of the former action. (LEONARD, J. ; to the contrary, SUTHERLAND, J.)

In an action where the defendant may set up his counter-claim or set-off in answer to the plaintiff's demand, he has his election to do so or to bring a cross action. (LEONARD, J.)

Though the meaning of terms used in a contract may be determined by usage, it is not competent for a witness familiar with the usage to testify as to what construction the contract bears.  (LEONARD, J.)

Appeal from a judgment entered upon the report of a referee.

This action was brought by George Collyer against George Collins, William G. Murray, Robert McLaughlan, James K. Thompson, Edward Soper, John Griffiths and John Lamb, survivors of William Woolsey, to recover $3,066.28, the amount of certain extra work which plaintiff claimed to have performed upon the schooner John Griffiths. The plaintiff had contracted to build, finish, and launch the schooner for $9,500. There were some specifications in the contract which are not deemed material on this appeal. The defendants had accepted the schooner, paid the contract price and $102.34 for extra work, and procured from plaintiff this receipt: "Received, Jersey City, July 7th, 1854, of George Collins, $2,000, being the last payment on schooner John Griffiths; also $102.34 extra work on above schooner." .(Signed) " George Collyer." Subsequently the defendants commenced an action against the present plaintiff in the Supreme Court of New Jersey, summoning him to answer, as appeared on the record, " of a plea of trespass on the case upon promises: For that, etc." The nature of the demand, in that action, was a claim for damages for a breach of the contract for constructing the schooner, in certain specified particulars. Collyer appeared in that action and pleaded the general issue. The action was tried by a jury who found a verdict in favor of the present defendants for $1,500 : judgment was entered and the present defendants brought an action upon the judgment in this State: Collyer set up his present cause of action as a counter-claim. Afterwards, Collyer brought this action. The other facts sufficiently appear from the opinion. In this action Collyer had judgment for a balance found due him for extra work, after deducting the New Jersey judgment. The defendants appealed

*Charles Matthews*, for the appellants.—I. The judgment in New Jersey was properly set up in defendant's answer in this case. Even before the Code, the weight of authority would have sustained this plea as a bar sufficiently set forth. (1 *Greenl. Ev.*, § 531.)

II. The record of the judgment, having been admitted in evidence, formed a complete bar to this action. The record itself shows that the same matters which form the gist of the plaintiff's action was necessarily tried in the action in New Jersey. And the jury in that case found, as a matter of fact, that the vessel, as delivered, with every thing plaintiff claims as extra on her, was not as good a vessel as the contract called for, in the sum of $1,567.57.

III. The offer of the defendants to prove that an action is, and was pending at the commencement of this suit in the Supreme Court of this State, in which the defendants in this action were plaintiffs, and the plaintiff herein was defendant, and in which the same matters litigated here were set up by way of counter-claim, by Collyer, was improperly rejected by the referee as immaterial.

IV. The contract for the building of the vessel calls for the expenditure of all the work and materials claimed by Collyer to be extra. It is a well settled rule of law that the terms used in a contract shall prevail according to their popular and comprehensive sense, unless there be something to show they were meant to be used in one more confined. (*Chit. on Con.*, 79.) If there be two clauses in a contract so totally repugnant that they cannot stand together, the former shall be received and the latter rejected. (*Shep. Touch.*, 88 ; 1 *Steph. Com.*, 464.)

V. The referee, in his opinion, says he allows as extra all the materials used in the fastening of the vessel, and the labor performed therein, and the charge for hawser pipes. Now it is in evidence, on the part of the plaintiff, that the rule amongst ship-carpenters, when they undertake to do ship-carpenter's work, is to put in enough spike-fastening to hold the plank, and now and then a treenail at the heavy sets. It is admitted on all sides that some spike-fastening properly came under the head of ship-carpenter work. Yet we are charged with, and the referee allows as extra, all of the work and materials furnished in the fastening of this vessel below light-water mark;

also the charge for cast-iron hawser pipes. The plaintiff could only recover for the difference between that which he was bound to furnish, and that which he did provide, but he has given no proof by which this amount can be determined, either as to the labor of driving or the difference in value of the iron spike he admits he would have been obliged to use, and the copper he did use.

VI. There is no precedent for putting the contract in the hands of witness and allowing him to say what it means. By so doing the referee abdicates his position of judge in favor of the witness.

VII. The evidence of the defendant shows that, in a conversation with Collyer, Collins told him he had agreed to build a vessel like the Pauline, etc.; this whole conversation clearly shows what the parties to the contract supposed it to mean.

VIII. Lastly, the receipt, taken in connection with the fact that this suit was not commenced until nearly six years after the building of the vessel, and also with the fact that armed men were kept on the vessel by plaintiff to prevent Collins from getting her before she was paid for, leads to the irresistible conclusion that when Collyer signed that last receipt he regarded it as a receipt in full of all demands growing out of the contract for the building of the vessel.

*Dennis McMahon*, for the respondent.—I. The present appellants are not in a condition to avail themselves of any error in the report of the referee, because—1. They have only interposed a general exception to his report. They have not made the same specific. 2. The time to except has gone by, and that time being fixed by statute, they cannot now amend their general exception. 3. The appellants should also have procured a case to be settled in which should be set forth the specific findings of fact and of law by the referee. (Hunt *a.* Bloomer, 13 *N. Y.* (3 *Kern.*), 341; Johnson *a.* Whitlock, *Ib.*, 344.)

II. The referee was right in his construction of the contract, aided as he was by the testimony of different witnesses, for the reasons stated in his opinion.

III. What does the contract mean? Under it all that the plaintiff undertook to do, excepting where otherwise specified,

was what came under the denomination of the ship-carpenters' work in the building, furnishing and launching the schooner in question, and in executing that ship-carpenter work in labor and materials he was to do it in a manner equal to and in nowise inferior to the schooner Pauline. He also contracted to fasten the vessel with galvanized iron above light-water mark, and to do some other things of no very great amount.

IV. The referee ruled correctly on the different objections made to the evidence on the subject of the construction of the contract. If the matter were at all ambiguous from the testimony as to what was embraced under the terms used in the contract as to "ship carpenters' work, &c.," it was the province of the referee to have evidence before him from experts, as to what was included by usage of the trade within the terms used in the contract. The authorities have always permitted that class of proof to be introduced.

V. The referee was right in holding that the extras had been ordered by the defendants. The evidence on this subject is conclusive.

VI. The referee was right in his ruling on the effect of the judgment in New Jersey, put in evidence by the appellants. 1. On the summing up, all the effect that the appellants claimed herein, as arising out of the recovery of the judgment, was, that it was a proper set-off to the amount claimed. It was allowed as a set-off. No claim was made that it was a bar to the plaintiff when offered in evidence. No such claim was set up; nor was any specific exception made to the referee's ruling on that subject. It could not have been set up as a bar here, as no such defence was pleaded in the answer, and it is necessary to plead the same in order to make it a bar. (Picquet a. McKay, 2 *Blackf.*, 465; Sawyer a. Hoyt, 2 *Tyler*, 288; Lansing a. Montgomery, 2 *Johns.*, 382; Howard a. Mitchell, 14 *Mass.*, 241; and see Jackson a. Wood, 3 *Wend.*, 27.) If an estoppel is not so pleaded, it will be considered as waived. (Brinsmaid a. Mayo, 9 *Vermt.*, 31.)

VII. To make a record in a former suit conclusive on any point, it should appear from the record that such a point was in issue; other evidence cannot be received to show that a particular matter, not in issue on the record, came in question, or was taken into consideration by the jury. (Manny a. Harris,

2 *Johns.*, 24.)    Nor is the judgment and verdict evidence, unless it be on the same point and against the same parties. (Maybee *a.* Avery, 18 *Johns.*, 352; Davis *a.* Talcott, 14 *Barb.*, 611.)    And where a judgment is introduced in evidence, but not under a plea of estoppel, the party proving it waives its conclusive character. (*Smith's Lead. C.*, 433, 444, 445.)    1. This judgment was an adjudication that the present defendants were entitled to a deduction from the plaintiffs claim of its amount; in other words, the defendants having accepted and proceeded to use the vessel in question, are bound to pay the contract price and the value of the extra work, less what it would cost to put it in perfect order under the agreement.    It does not profess to adjudge as to what was extra or not.    2. The plaintiff here is not barred from recovering this extra bill, because he should have set it up there in that suit in New Jersey.    The legal presumption is, that the common law of a sister state is similar to that of our own. (Holmes *a.* Broughton, 10 *Wend.*, 75.)    The present plaintiff, having had no opportunity for setting up his present claim, cannot be barred by the finding of the jury in New Jersey on what was not before it either in fact or in law.    (1 *Starkie's Ev.*, 214, 215; 1 *Greenl.*, § 524.)

VIII. The referee was right in his finding against the defence, of payment set up by the appellants, which was, that the matter was accorded and satisfied by the receipt and settlement in July, 1854.    This defence should have been made out by the defence clearly.    To sustain it, they introduce a receipt, which merely proves a payment of the final instalment under the contract, and $102.34 extra work.    But a careful reading of the receipt, shows that Collyer carefully avoided saying " in full of extra work," but merely said " 102.34, extra work," meaning a bill already rendered for extra work; not meaning thereby to be in full of such extra work as the bills for were not yet made out.

By the Court.—Sutherland, P. J.—I think the referee erred in excluding the evidence offered by the defendants to show the pendency, when this action was commenced, of the action in this court by them on the New Jersey judgment against the defendant; and that in that action the defendant

(the plaintiff in this action) had set up as a counter-claim the identical claim for which he brought this action.

It was not pretended or suggested that such prior action on the New Jersey judgment had been discontinued. And it appears from the referee's opinion, that he excluded such evidence solely on the ground that the matters so offered to be proved, though insisted on as a defence to this action by the defendants in their answer, if proved, would not be a bar or defence to this action.

To sustain his opinion on this point, the referee cites Fuller *a.* Read (15 *How. Pr.*, 236), and Wiltsie *a.* Northam (3 *Bosw.*, 162–168). It is plain that these cases do not apply, and do not sustain the referee's ruling on this point. They merely hold that there is no rule of law which prevents a person from setting up as a defence or counter-claim, a claim that he has before sued on. Concede this, and it does not follow that a person may bring an action on a claim which he has already set up as a counter-claim. Judge Woodruff, in one of the cases referred to by the referee (Wiltsie *a.* Northam, 3 *Bosw.*, 162), refers to the evident distinction between the two cases or questions. He says: " and it may be, that the court would not permit a defendant, after having set up such a counter-claim as a·defence, and pending the litigation, to bring a new suit himself, to recover for the same cause of action."

If A brings an action on a claim against B, and A is afterwards made a defendant by B, in an action in which A can set up his claim as a counter-claim, I cannot see the least reason why he should not have the right to do so; why he should not avail himself of the opportunity offered to him by B, to recover his claim in the second action, if tried first.

The maxim, that no person shall be twice vexed for the same cause, certainly has no application in such case. But the substance and spirit of that maxim is, that no one shall be *unnecessarily* sued or vexed; and I think it forbids A from bringing an action against B, on a claim which he has set up as a counter-claim in an action by B against him, and in which action he can recover or be allowed his claim. Whether A would be obliged to set up his claim as a counter-claim, or be barred, &c., is another question; but if he actually sets it up, I think he should be held to be barred from bringing an action against

B on the claim, during the pendency of the action in which he has set it up.

In McAllister *a.* Reab (4 *Wend.*, 483, 493), Justice Marcy says: "A second litigation on the matter should not be tolerated, where a fair opportunity can be afforded by the first, to do final and complete justice between the parties."

I think, too, that the referee should have held, that the New Jersey judgment estopped the plaintiff from bringing this action.

The record of that judgment shows, I think, that the trial of the action in which the judgment was recovered, involved the construction of the contract between the parties for the building of the vessel, and I do not see how the plaintiffs in that action (the defendants in this) could have recovered the judgment unless the New Jersey court held that the construction of the contract, claimed by the defendants in this action, was correct. The theory of the complaint in that action was, that Collyer by the contract was bound to furnish all the materials, and build, furnish, and launch the centre-board schooner in a workman-like manner, equal to and in no way inferior to the "schooner Pauline."

The defendant in that action (the plaintiff in this) pleaded the general issue, that is, that he did not undertake and promise, in manner and form, etc.   There was a verdict in that action of $1,500 and costs, for the plaintiffs, upon which the judgment was entered.

The theory of the plaintiff's complaint in this action is, that by the contract he was bound to do only the ship-carpenter's work; to furnish the materials for and do only the ship-carpenter's work in a workmanlike manner, etc.

The work and materials which the plaintiff claims, in this action, to have been extra, outside of the contract, appear to have been done and furnished before the vessel was delivered to and accepted by the defendants.

If the defendants' construction of the contract is the true construction, it appears to me, that the plaintiff's claim for extra work and materials must fail, independent of the New Jersey judgment, and so it seems the referee thought.   Now, as it must be presumed, from the New Jersey record, that the court, in the New Jersey action, must have passed upon this question

of the construction of the contract adversely to the plaintiff in this action (the defendant in that), I think the referee should have held the record a bar to this action.

Besides, it was shown by parol evidence on the trial of this action, that evidence bearing on the construction of the contract was given on the trial of the New Jersey action, and evidence tending to show that it was for Collyer, under it, to furnish certain items of work and materials.

It is true Collyer did not set off, in the New Jersey action, his claim for extra work and materials which he claims to recover for in this, probably because he never thought of making such a claim until that trial. It does not appear from the case, that he ever claimed to have done any work or furnished any extra materials before that trial, except such as he was paid for, specifying in his receipt for the money that it was for extra work.

It cannot be said to appear from the evidence in this case, that the defendants, or the defendant Collins, who superintended the building of the vessel, ever requested the plaintiff to do any work or furnish any materials as extra work or materials. The requests by Collins to do certain work or to furnish certain materials shown by the evidence, I think should be looked upon as notices merely, that he claimed that such work and materials were called for by the contract, to make the vessel like or as good as the Pauline.

The case does not show that when the plaintiff was notified by Collins, that he wanted certain materials, or materials of a certain kind, or quality, put in the vessel, or certain items of work done to her, that the plaintiff informed him that he claimed or considered such work or materials to be extra. The vessel having been delivered to the defendants and accepted by them, and they having had the benefit of all the work done by Collyer on her, and of all the materials furnished by him for her, if Collyer offered to show, on the New Jersey trial, that he had furnished materials or done work not required by the contract as construed by the court on that trial, we must presume, I think, that the evidence was received not as evidence of a set-off, but in diminution of the damages claimed by plaintiffs in that action.

Perhaps the defendants did not distinctly set up in their an-

swer in this action the New Jersey judgment as an estoppel, or bar, to this action; but the record of that judgment was put in evidence, and was properly received in evidence, at least as evidence of a counter-claim; and the defendants having insisted upon it, also, as an estoppel, or bar, if the referee had held it to be a bar, I think he might and ought to have permitted the defendants to amend their answer. I think we may consider the answer amended.

The defendants' exception at the end of the case authorizes them, I think, to raise the question of estoppel here.

I deem it unnecessary for us to pass upon the question, whether the referee's construction of the contract was right, either of the grounds before stated being sufficient, in my opinion, for reversing the judgment.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

LEONARD, J.—I am satisfied that there should be a new trial in this case for errors committed on the trial and in the findings.

1. It was error to read the contract to a witness and inquire whether certain kinds of carpenters' work were included in it, according to the usage of the trade. This is the inquiry substantially put to one of the plaintiff's witnesses, and it appears to have been answered by the witness according to his judgment of the true construction of the contract by the usage of the trade.

The meaning of terms used in a contract may be ascertained by usage. When the meaning has been so ascertained, it is the province of the court to determine the construction and meaning of the contract, and to decide, in this case, whether the work and materials for which the plaintiff seeks to recover, were extra, or included therein. The witness cannot be allowed so to interpret the whole contract.

2. There is no ground for permitting a recovery for any thing as extra, except where the work or materials so claimed were ordered or directed by the defendant, or where he is shown to have known that the work or materials were extra, and did not object, or where he has acquiesced in or ratified it. It is not enough, in this case, that the defendants accepted and used the

Collyer *a.* Collins.

vessel after the work of the plaintiff was completed, for there is no evidence that the defendants had any knowledge that there was any extra work or materials, except a small amount, $102, for which they had paid.

The proof, on the part of the plaintiff, is insufficient to sustain the finding of the referee in this respect. Of course it cannot be doubted that extra work may have been done, and materials furnished, by the plaintiff upon the schooner, and in that event, if it was upon the request of the defendants, express or implied, the plaintiff is entitled to recover. Whether there was extra work and materials performed and furnished, depends upon what and how much is included in the term "all the parts belonging to the ship-carpenter's work," mentioned in the contract. The referee appears to have correctly apprehended it.

3. The counsel for the plaintiff insists that the exception to the findings of the referee is general, when it should be specific. There is but one fact found, viz., that the defendants are indebted.

The exception is as specific as the finding. As the case has been heard on the merits, I am disposed to hold it for decision. I think, under the decisions, the case might be sent back for amendment so as to have findings of fact specifically stated in the case and also the exceptions. But we have looked into the merits and there will be no injustice done by rendering our decision without the amendment.

4. The questions arising in respect to the effect of the judgment in New Jersey, and the pendency of another action in this State, wherein the plaintiff has interposed his present cause of action as a counter-claim, have been very fully considered by the learned justice who presided on the argument of this case at the general term, but, with great respect, I must dissent from some of his conclusions.

1. The judgment in New Jersey is not *res adjudicata* on the present question. That action was to recover damages for a breach of the contract for the construction of the schooner. At common law, the value of extra work and materials, outside of the contract, could not be pleaded in such an action by way of recoupment or set-off. It is, by virtue of the statute law prevailing in the State of New York, that counter-claims on any cause of action arising on contract may be interposed in any

action arising also on contract. We cannot assume that such a statute prevails in New Jersey. In the action in New Jersey no set-off was claimed or pleaded. Mr. Collyer pleaded to that action that he did not undertake and promise in the manner and form, etc., technically called the general issue; merely putting in issue the allegations of the declaration, viz., the making and breach of the contract. Under that issue, no evidence of extra work performed or materials furnished in performing the contract, was admissible. It would have been excluded if offered. The furnishing of extra work and materials did not tend to show that Mr. Collyer had not broken the contract set forth in the declaration.

If the defence was connected with the subject of the action the rule would be different. (Davis *a.* Tallcot, 12 *N. Y.* (2 *Kern.*), 184.) Where the defence to a former action consists in proving the same facts which constitute the foundation for recovery in the second action, there a recovery in the former is a bar to the second action. A former judgment is a bar only to such claims or matters as might have been litigated under the pleadings and issues as made in the action, not to all claims that might have been put at issue or litigated. (Burdick *a.* Post, 12 *Barb.*, 168.) But, in a case where the defendant might set up his counter-claim or set-off, in answer to the plaintiff's demand, he has his election whether he will do so or bring his cross action. Judge Bronson declares that to be the rule. (Batterman *a.* Pierce, 3 *Hill*, 171. See also the opinion of Judge Selden in Gillespie *a.* Torrance, 25 *N. Y.*, 306, particularly page 310.)

2. In respect to the question arising from the counter-claim or set-off interposed by Mr. Collyer in the action brought in this State upon the judgment recovered against him in New Jersey, the authorities are also adverse to the views expressed by the presiding justice in this case.

In such case the party must be put to his election between the action which he has brought, and his counter-claim in the action brought against him. (Fabricotte *a.* Launitz, 3 *Sandf.*, 743; Halsey *a.* Carter, 1 *Duer*, 667; Legnot *a.* Redding, 4 *E. D. Smith*, 285.) Opinion by Judge Ingraham. (*Vide*, also, Cordier *a.* Cordier, 26 *How. Pr.*, 187, and Barth *a.* Burt, see *Ante*, 349.)

The rule that would require the plaintiff to desist or be barred from prosecuting this action, if correct, would also entitle him to demand that the counter-claim for the judgment recovered in New Jersey by the defendants, should be barred in this action by reason of their former action prosecuted on that judgment, and now pending in this State, as the answer in this case alleges.

3. Under the system of pleading prevailing in this State, it is not necessary to state what conclusion or judgment will be demanded on the facts pleaded. The court are to render such judgment as the facts legally admitted in evidence will justify or require. The defendants were at liberty to insist that the judgment rendered in New Jersey is a bar to this action, although no statement to that effect is made in the answer. The judgment was admissible in evidence, and might be claimed to constitute a set-off or a bar at the pleasure of the defendants, although it cannot, in the present case, prevail as a bar or an estoppel.

I agree that the judgment be reversed and a new trial had before the same referee, with costs to abide the event, for the errors occurring at the trial, and for the defect of proof indicated.

BARNARD, J.—I concur in the conclusion.