WARD, J.
Lewis Selye, of Rochester, N. Y., deceased, was the owner of about thirty-two acres of land in the city of Rochester, of great value. He died intestate, leaving, as his heirs at law, his granddaughter, Josephene S. Parker, the plaintiff and appellant here, and his son, De Villo W. Selye; but the property was largely incumbered by various mortgages which the deceased had executed. The complaint in this action alleges, in substance, that on the 16th of February, 1893, the plaintiff commenced an action in the supreme court against the. said De Villo W. Selye and the defendant, Anna Selye, for the purpose of asserting that plaintiff’s rights in the said real estate, and having it adjudged that she was the owner of an undivided half thereof; that such action was brought to trial on the 18th day of May, 1894, and an interlocutory judgment was entered in said action, by which it was adjudged that title to the premises inured to the benefit of Selye and the plaintiff as tenants in common ; that on the 15th day of December, 1893, a deed from De Villo W. Selye to bis wife, the defendant here, of twenty-one building lots, parts of paid premises, was placed upon record in Monroe county clerk’s office. The complaint refers, as a part of it, to the complaint in the original action, and to the judgment roll in that action, and “ that said complaint and notice of pendency of the said action were filed in the clerk’s office of Monroe county on the 16th day of February, 1893.” The plaintiff succeeded in such action, and an interlocutory judgment was entered therein, adjudging her to be entitled to an undivided one-half of the property, and requiring the said *354 De Yillo W. Selye to account for the proceeds of that portion of the property which he had sold under a power of attorney from the plaintiff, and that an accounting be had before Arthur E. Sutherland as referee. By reference to the complaint in the original action, it appears that the plaintiff in this action was the plaintiff thereiq, and that De Yillo W. Selye, Anna 0. Selye, his wife, and Selye Park Building-Lot Association were the defendants. No relief was sought therein against the defendant in this action, nor any claim made against her, and, indeed, she is only mentioned in the title of the action as the wife of De Yillo W. Selye; but the decision of the court and the judgment in the former action directed that she should execute, in conjunction with her husband, and deliver to the plaintiff, a deed of conveyance of all that portion of the premises which had not been conveyed pursuant to contracts of sale theretofore. The complaint in this action further alleged “ that the defendant now claims that the said! lots were conveyed to her by De Yillo W. Selye prior to the commencement of said action [the fiast action], and that therefore they are not in any manner affected by said action or said judgment.” The relief demanded in this actiqn is that the real estate described in the deed to the defendant be subjected to the judgment in the first action, and for such further relief as the court might grant.
The demurrer, to be successful, must establish the fact, from the face of the complaint, that another action is pending for the same cause between the same parties. Code, § 488, subd. 4. The first action is undoubtedly pending as to the defendant De Yillo W. Selye, as only an interlocutory judgment has been obtained therein, and an accounting ordered, preparatory for final judgment, which must be obtained before the action can be regarded as terminated. The parties in the first action were the plaintiff in" this, the defendant therein, with her husband^ and one other defendant. So far as the parties here are concerned, they may be regarded as the same parties, though not all of the parties, in the first action. The difficulty with the demurrer lies in the fact that it does not appear, upon the face of the complaint, -that the present action is for the same cause as the first. The first action, as we have seen, was aimed at the husband, De Yillo W. Selye, to compel him to account for the interest of the plaintiff inrthe property ; and in that action no relief was sought by the complaint therein against the defendant here. It is true that the decision of •the court and the judgment direct that she shall unite with her husband in the conveyance, as above stated, but there is nothing in that judgment which grants or anticipates the relief sought in this action. The relief here sought is to bind the defendant, who "claims to be the grantee of her husband of a portion of the lands in controversy, by the judgment in the former action. The deed under which the defendant here claims, was recorded subsequent to the commencement of the first action, and no mention thereof appears in the complaint in that action, and the rights of the defendant under said deed could not be determined iñ that action without an amended or supplemental complaint therein, alleging *355 the fact of the giving of such deed and the fraudulent character of the transaction ; and there is no rule of law which requires a party to file a supplemental complaint. It is not compulsory. Geery v. Webster, 11 Hun, 430; Cordier v. Cordier, 26 How. Prac. 187. The rule in equity is that it must appear that the whole effect of the second suit be attainable in the first (Bradley v. Bosley, 1 Barb. Ch. 125), and this rule is founded in reason (Geery v. Webster, supra; In re Hood’s Estate, 27 Hun, 579, and cases cited).
The learned counsel for the defendant, upon the argument, seemed to rely upon the allegation in the complaint of the filing of the complainant and the notice of pendency in the first action, as above quoted, and claims that, under section 1671 of the Code of Civil Procedure (which provides that “ the pendency of the action is constructive notice, from the time of so filing the notice, only to a purchaser or incumbrancer of the property affected thereby, from and against a defendant with respect to whom the notice'is directed to be indexed, as prescribed in the next section. A person whose conveyance or incumbrance is subsequently executed or subsequently recorded, is bound by all proceedings taken in the action, after the filing of the notice, to the same extent as if he was a party to the action ”) the defendant was bound by the proceedings in the first action. It will be seen, by this section, that the defendant is only bound to the same extent by this notice that she was bound by the proceedings in the former action ; and, fas those proceedings did not embrace the deed in question, or the controversy arising thereunder, this notice does not aid the defendant. Besides, this notice only, affects a purchaser or incumbrancer from a defendant with respect to whom the notice is directed to be indexed, as prescribed in section 1672 of the Code; and by that section the .clerk must index the name of each defendant specified in a direction appended at the foot of the notice and subscribed by the attorney for the plaintiff. The complaint contains no allegation that this was done, or that- the indexing was against the name of DeVillo W. Selye, the defendant’s grantor. Indeed, this section of the Code (1671) has no application to a party to an action who has been duly served with process therein. A party has notice, from the complaint, of the purpose of the action. This notice is merely a statutory substitute for actual ¡notice to the subsequent purchasers and incumbrancers. Hall v. Nelson, 14 How. Prac. 32.
The question remains whether the relief sought in this action could have been maintained in the first, so far as it appears from the complaint in this action; and as we have reached the conclusion that it could not, it follows that this action is properly maintained, and the judgment sustaining the demurrer should be reversed, and with costs of this appeal and of the special term, with leave to the defendant, upon the payment of such costs, to answer the complaint within 20 days after the service of the order herein upon the defendant.
All concur.