JOSEPH BANIGAN *vs.* WOONSOCKET RUBBER COMPANY.

PROVIDENCE—JANUARY 11, 1899—FEBRUARY 6, 1899.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1)  *Set-off.   Pleading and Practice at Law.   Pending Suit.   Election of Remedies.*

A plea in set-off is not available to a defendant who has an action pending against the plaintiff to recover the same indebtedness set up in the plea.

A set-off is, in effect, a cross-action, and a defendant cannot be permitted to carry on two suits for the same causes of action at the same time.

A defendant may file a plea in set-off, or bring its own action against the plaintiff; having brought its action for the same demand sought to be included in the plea it has elected its remedy, and is bound thereby so long as the demand is included in its own action.

ASSUMPSIT on a promissory note, defendant pleading in set-off claims which it had made the subject of a pending suit against the plaintiff.   Certified from the Common Pleas Division, and heard on demurrer to plaintiff's replication setting up the pending suit.

MATTESON, C. J.   This is assumpsit on a promissory note for $100,000, given to the plaintiff by the defendant.   When this note fell due, August 3, 1896, the defendant refused to

pay it, on the ground that the plaintiff was indebted to it in a larger sum, from which it requested the plaintiff to deduct the amount of the note. He declined so to do, and on August 6, 1896, began this action, making the writ returnable October 3, 1896. Thereupon the defendant, on August 8, 1896, began an action against the plaintiff for the sum which it claimed to be due to it from the plaintiff, and made its writ returnable September 26, 1896. On the return-day of its writ the defendant duly entered it and filed its declaration setting forth fully its claim. On October 3, 1896, the return-day of the plaintiff's writ, he duly entered his case, and on October 13, 1896, the defendant filed its answer, pleading in set-off part of the claims declared on in its action against the plaintiff.

To the pleas in set-off the plaintiff replied that he ought not to be held to answer them, or either of them, "because, he says, that the said defendant heretofore, and before the filing of its said pleas, to wit, on the 8th day of August, 1896, sued out its original writ against him, this said plaintiff, returnable to this court on the 26th day of September, 1896, and heretofore and before the filing of its said pleas, to wit, on said 26th day of September, 1896, declared in this court against him, this said plaintiff, on its action of debt for the same identical causes of action as are in its said pleas respectively mentioned, as by the files and record of its said other action in this court remaining fully appears. And the plaintiff further saith that the parties in this action and in the said defendant's said other action are the same and not other or different persons and parties, and that said other action so brought and prosecuted against him, this said plaintiff, for the same causes of action as are alleged in its said pleas as aforesaid, is now pending in this court and yet remains undetermined, all of which this plaintiff is ready to verify. Wherefore, &c." Thereupon the defendant demurred to the replication, assigning three grounds of demurrer, only one of which it is necessary to consider, being the third, viz., that the pendency of another suit to recover the same debt is no objection to a plea in set-off.

The question thus presented is one on which the authorities are conflicting.   Some hold that the pendency of a suit is no objection to a set-off of the debt on which it is founded, in another action between the same parties.   *Stroh* v. *Ulrich*, 1 W. & S. 57 ; *Wiltsie* v. *Northam*, 3 Bos. 162 ; Wat. Set-off, 2d ed. § 98.   Others hold that the set-off is not available if it appears to be the subject of a pending suit when offered. *Locke* v. *Miller*, 3 Stew. & P. 13 ; *Rankin* v. *Harper*, 4 Ind. 585 ; *Snodgrass* v. *Smith*, 13 Ind. 393 ; *Smith* v. *Billings*, 62 Ill. App. 77 ; *Ansorge* v. *Kiser*, 22 Abb. N. Cas. 88, 89 ; and compare *Chase* v. *Strain*, 15 N. H. 535, 540 ; *Penn. R. R. Co.* v. *Davenport*, 154 Pa. St. 111 ; *Collier* v. *Collins*, 17 Abb. Pr. 467.   The latter doctrine rests on the idea that a set-off is in effect a cross-action, and that the defendant cannot be permitted to carry on two suits for the same causes of action at the same time, since to permit this would subject the plaintiff to be twice vexed for the same causes of action.

We are of opinion that the weight of authority, as well as the better reasons, sustain the plaintiff's contention that the defendant cannot avail itself of a set-off so long at least as it keeps on the docket its suit against the plaintiff based in part on the same claim set up in the pleas of set-off.

Demurrer to the replication to the defendant's plea in set-off overruled and replication sustained.

Case remitted to the Common Pleas Division for further proceedings.

(NOTE.—An application by the defendant for a re-argument of this matter was granted, and the above opinion was afterwards confirmed in the following rescript.)

After the filing of the foregoing opinion the defendant moved for a re-argument, which being granted, it contended that inasmuch as a plea in set-off when filed relates back to the beginning of the action, and inasmuch as the present action was begun on August 6, 1898, while its action was not begun until two days later, the plea of the tendency of a prior suit should have been filed in its action, instead of a replication to the plea in set-off in the present suit.

We do not think, however, if it be conceded that the defendant's contention that a plea in set-off relates back to the beginning of the suit is correct, that it is decisive. When the plaintiff brought his action it was open to the defendant (1) to file a plea in set-off, (2) to bring its own action against the plaintiff. The defendant elected to bring its own action and to include in that action the demand which it now seeks to plead in set-off in this suit. Having thus brought its action for that demand, it seems to us that it has elected its remedy, and that it is bound by that election so long, at least, as the demand is included in its own action. The words in the statute allowing a set-off (Gen. Laws R. I. cap. 239, § 11) "for which he might maintain a suit in his own name," clearly imply that when a set-off is pleaded the defendant has no pending suit for the demand pleaded in set-off.

We see no reason for modifying our former opinion.