Mason, J.
This motion proceeds on a misapprehension of the 'meaning of the word a irrelevant,” as used in the 160th section of the code. Matter is irrelevant in a pleading which has no bearing on the subject matter of the controversy, and cannot affect the decision of the court. But it is implied that independently of the irrelevant matter, the plaintiff has stated no suffi *745 cient cause of action or the defendant a valid defence. If the complaint does not state a case on which, if uncontradicted, the plaintiff has a right to recover, the defendant must- present his objection by demurrer, and not by motion to strike out the complaint as irrelevant, and the same rule is applicable to an answer. If the whole matter of the answer is no defence to the plaintiff’s claim, the answer is insufficient and not irrelevant, in the meaning of the code. The objection in such case is, not that unimportant matter, or matter having no bearing on the controversy, is mixed up with, or stated in addition to that which is material, but that the whole is entirely unavailing, and this objection can only be taken by demurrer, unless the answer is a sham answer, and then by section 152, it may be stricken out on motion. It is true, that under the old chancery system, a plaintiff might except to the answer for impertinence, when he considered that the matter set up was no defence to the case stated by the bill. But that was allowed because a demurrer could not be interposed to an answer, and the plaintiff could in no other way obtain the opinion of the court as to the materiality of such matter, until the court came to a hearing on the pleadings or on the pleadings and proofs. But under the code, a demurrer is allowed to an answer, as well as to a complaint. The plaintiff in this case, therefore, should have demurred to the answer, instead of applying to strike it out as irrelevant.
It must not be inferred, however, that a demurrer would be sustained to this answer. The defendant certainly has a right to recoup in damages, against the plaintiff’s claim, by reason of the marble not having been delivered in proper season; and if he has set forth sufficient facts to entitle him to recover, a demurrer to the answer would be overruled. I fully agree with the rule laid down in Britton v. Turner, (6 Hew Hampsh. 481,) that a defendant cannot recover and also have a cross action for the same matter. But the mere fact of his having commenced an action for damages, which has not proceeded to trial or judgment, is not necessarily a bar to his setting up the same matter in the answer by way of recoupment. Circumstances may occur after the commencement of such an action, which render it ineffectual, and the setting up of his damages in this *746 way in an answer to a claim for non-payment of the moneys stipulated in the contract, may he the only effectual mode in which he may be able to obtain compensation for the damages sustained by the failure on the part of the plaintiff.
The affidavit of the defendant on this motion is designed to present such a state of facts. It states that he is fearful lest by reason of the plaintiff’s contemplated removal from the county, he may not be able to collect any sum which he may recover in the action he has instituted for damages. He ought not, therefore, to be jxrevented from reducing or defeating the plaintiff’s recovery against him in this suit, by way of recoupment of damages.
But he may be put to his election, either to proceed in the suit he has instituted, or to coniine himself to his recoupment in the present action. If he elect the former, then he may be prohibited from setting up the same matter in this suit; if the latter, then the proceedings in the former action may be stayed. At any rate, the plaintiff in this action is at liberty to make such a motion on proper affidavits as he may be advised.
The present motion, however, must be denied, but without costs, as the point is new, and involved in some uncertainty.