# SUPREME COURT.

## ALMOND WELCH agt. SIDNEY S. HAZELTON.

An answer of new matter which does not state facts sufficient, to *constitute a defence*, is always insufficient, and may be demurred to.

The provisions of the Code, in relation to counter-claims, are much more comprehensive than the Revised Statutes relating to set offs. That is, in an action arising on contract, by the 149th and 150th sections of the Code, the defendant may avail himself of *any other cause of action* arising also on contract, and existing at the commencement of the action, by way of a counter-claim; whereas by the Revised Statutes the set off must be a demand for real estate sold, or for personal property sold, or for money paid, or services done; or if it be not such a demand, the amount must be liquidated or capable of being ascertained by calculation.

By the Revised Statutes, the set off can only be allowed *in actions* founded upon demands which could themselves be the subject of set off according to law. And if the defendant neglect to plead or give notice of any such set off, he shall be for ever thereafter precluded from maintaining an action to recover the same or any part thereof.

Now, where the answer of the defendant alleges that before the commencement of the action, he commenced a suit against the plaintiff, by summons, for the recovery of a certain demand due from the plaintiff to the defendant upon contract, before, &c.; that such suit is still pending, and that the cause of action in the plaintiff's complaint accrued to him, and might have been set off in the suit commenced by the defendant against the plaintiff; it is insufficient as a defence, because it does not appear that the defendant's previous suit was one founded upon demands which could themselves be the subject of set off. Alleging that it was founded on a demand due from the plaintiff to the defendant upon *contract*, will not do; for there are a large number of demands on contract which would not themselves be the subject of a set off under the Revised Statutes.

There is nothing in the Code requiring a defendant to avail himself of a counter-claim in an action, or in default thereof be *precluded* from maintaining an action. The Revised Statutes, in the cases specified in it, must govern this.

*Genesee Special Term, April,* 1857.

DEMURRER to answer.

The action is upon a promissory note. The defendant in his answer alleges, that before the commencement of this action on, &c., he commenced a suit against the plaintiff, by summons,

for the recovery of a certain demand due from the plaintiff to the defendant, upon contract, before John G. Bixby, one of the justices of the peace of, &c. ; that such suit is still pending, and that the cause of action in the plaintiff's complaint accrued to the plaintiff, and might have been set off in the suit commenced by the defendant against the plaintiff, and is still pending before the justice.

The plaintiff demurred to this answer.

BISSELL & BALLARD, *for plaintiff*.
BANGS & SUMMERFIELD, *for defendant*.

MARVIN, Justice. The demurrer is well taken. The answer does not state new matter constituting a *defence*. The Revised Statutes authorize, in certain cases and under certain circumstances, a defendant to set off demands which he has against the plaintiff. (2 *R. S.* 234, § 48.) By the third subdivision of this section the set off must be a demand for real estate sold, or for personal property sold, or for money paid, or services done ; or if it be not such a demand, the amount *must be liquidated*, or *capable of being ascertained by calculation*. By the 5th subdivision of the section, the set off can only be allowed *in actions* founded upon demands which could themselves be the subject of set off according to law. By § 55, if the defendant neglect to plead or give notice of any set off, which, according to the preceding provisions, might have been allowed to him, on the trial of the cause, he shall be forever thereafter precluded from maintaining an action to recover the same, or any part thereof. The answer should have stated facts, to bring the case within the provisions contained in § 48 : that is, it should have stated facts showing that the action brought by the defendant against the plaintiff in the justice's court, was an action founded upon demands which could themselves be the subject of set off.

The defendant alleges that his action in the justice's court was upon contract; but he states no facts to show the nature of the contract. It may have been an action to recover dam-

ages for a breach of warranty in the sale of a horse, or for a failure to perform an agreement to clear land, or erect a house, in which the damages were not liquidated, nor capable of being ascertained by calculation.

If such was the nature of the action in the justice's court, the present plaintiff could not, in that action, by the Revised Statutes, set off the demand in his present action; and he is only precluded by § 55 from maintaining an action to recover any set off which, by the preceding provisions of the statute, might have been allowed to him. An answer of new matter which does not state facts sufficient to *constitute a defence* is always insufficient, and may be demurred to.

The provisions of the Code, in relation to counter-claim, is much more comprehensive than the Revised Statutes relating to set off. Thus by §§ 149, 150, the defendant, in an action arising on contract, may avail himself of any other cause of action arising on contract, and existing at the commencement of the action. It may well be that the present plaintiff could have availed himself of his present cause of action, by way of counter-claim, in the action commenced against him by the present defendant, in the justice's court; but there is nothing in the Code requiring him so to avail himself, or, in default thereof, that he should be precluded from maintaining an action. We must go to the Revised Statutes for the *preclusion* from maintaining the action; and such preclusion can only be applied to the cases specified in the Revised Statutes.

Judgment for the plaintiff upon the demurrer to the answer.