## SUPERIOR COURT.

DAVID C. FULLER agt. MATHEW P. READ.—*Commenced October 28th, 1857.*

MATHEW P. READ agt. DAVID C. FULLER.—*Commenced October 31st, 1857.*

F. having a cause of action against R. sued him; R. after that, sued F. on a demand which fell due after F.'s suit was brought, and F. in his answer set up as a counter claim, the cause of action on which his suit was brought.

*Held,* that F. in that stage of the suits, could not be compelled to elect to prosecute his claim in only one of such suits, and to abide by such election. That the court should not obstruct the orderly course of proceeding in either action, until both were at issue on the merits.

If it then appeared that the merits of both could be fully tried, and full relief given in any one suit, the proceedings might properly be stayed in the other until that one was tried; that the pendency of the suit first brought, was no bar to the right of the plaintiff therein to set up the matter of it, as a defence to the suit subsequently brought against himself.

*February 7th,* 1858.

*Before* BOSWORTH, SLOSSON, WOODRUFF *and* PIERREPONT, *Justices.*

ON the 28th of October, 1857, *Fuller* brought an action against *Read,* to recover $4,863, treble the damages alleged to have been sustained by reason of Read's using measures not conforming to the legal standard, in measuring ale or beer, sold and delivered by Read to the plaintiff, between the 1st of May, 1856, and the 28th of October, 1857. His complaint states, that by means of false measures, he was defrauded of 12,780 gallons of ale or beer, and sustained actual damages to the amount of $1,621, and claimed judgment for three times that sum, pursuant to the statute, viz: $4,863. (*Laws of* 1851, chap. 134, § 32, *p.* 256; *Bayard* agt. *Smith,* 17 *Wend.* 89.)

On the 31st of October, 1857, Read sued Fuller upon a note made by the latter, for $1,155.78, falling due on the 29th of October, and given for a part of, or on account of, the ale

sold and delivered, as before stated. Both actions were brought in this court. Fuller put in an answer to the complaint in the latter action, setting up by way of counter claim, the same facts which he had stated as a cause of action in the complaint in the suit commenced by him on the 28th of October.

On an affidavit stating these facts, and upon the two complaints and the said answer, and on motion of Read, an order was made in both actions, on the 31st of December, 1857, by Mr. Justice SLOSSON, requiring Fuller to elect within ten days, either to proceed in the action which he had commenced to recover his damages, and declaring that if he so elected, he should be precluded from giving evidence in support of his counter claim, or to abide by his counter claim, and declaring that if he so elected, all proceedings in the suit brought by him should be stayed.

If he failed to make an election within the time specified, the order further provided that he should be deemed to have elected to proceed in the suit he had commenced, and should be precluded from giving any evidence in support of his counter claim, and that the answer containing it should be deemed to be stricken out. From that order, Fuller has appealed to the general term. The case was submitted to the court, at general term, on written points, on the 6th of February, 1858.

HULL & STOKER, *for Fuller, the appellant.*
CHARLES CHENEY, *for Read, the respondent.*

By the court—BOSWORTH, Justice. Fuller has not set up, in his answer, any defence to the action on the note made by him, except the cause of action to recover treble the actual damages to which he has been subjected by the use by Read of false measures, in measuring the ale sold and delivered. If the answer in the suit on the note is stricken out, Read will take judgment at once for the amount of the note and may collect it, although Fuller may have a claim against him of more than four times the amount of the note. The order appealed from, declares that unless Fuller makes an elec-

tion as the order requires, his answer shall be stricken out, and he shall be left to such redress as he may obtain by prosecuting the action which he has commenced.   If he elects to abide by that action, the order also directs that the same consequences shall follow.

Hence, whether he elects to abide by that action, or omits to make any election, the consequences which the order declares shall result, are the same.   He is not, in either of those alternatives, allowed to extinguish the note by applying enough of the damages to satisfy it, but is required to submit to a judgment against himself upon the note, and to the necessity of paying the judgment, and of course, (if his counter claim be founded in truth,) of paying that amount for ale which he never had, and take his chances of reimbursement, by collecting any judgment he may obtain in the action which he has brought to recover damages for the fraud practiced upon him by Read.

By the terms of the order, he has no option, except to " elect to abide by his counter claim," or submit to a judgment upon the note.   If he elects to abide by his counter claim, the order declares that, " his proceedings in the action in which he is plaintiff, shall be, and the same in that event, are hereby stayed."   Whether that stay is to be perpetual, the order does not declare ; whether an election to abide by his counter claim, when made in obedience to such an order, may not have the effect to preclude his recovering upon the cause of action stated as a counter claim, except to such extent as it may be found or held to be available *as a counter claim*, is not so clear that it can be safely affirmed, that if the whole or some part of the damages claimed, upon the facts as they may be established, cannot be enforced as a counter claim, they may nevertheless, be recovered in an action to be brought for the purpose, if such facts make a case within the statute, notwithstanding the order appealed from, and such an election made under it.

The fact that Fuller brought a suit to recover these damages before the note fell due, does not deprive him of the right, if subsequently sued on the note, to set up as a defence and by

way of counter claim the facts giving a right to such damages, provided those facts make a counter claim within the meaning of that word as defined by the Code. (*Naylor* agt. *Schenck*, 3 *E. D. Smith*, 135; *Lightbody* agt. *Potter*, 10 *Wend.* 534.)

If they constitute a matter of defence, he has a right to set them up and have the benefit of them as a defence to that action.

If it is supposed they cannot be set up as a matter of right, either because he had previously brought a suit to recover them, which is still pending, or because no part of such damages constitute a legal counter claim, such previous and pending action may be set up as a reply to the counter claim, or the counter claim may be demurred to, that the facts stated do not constitute a counter claim.

If the interference of the court is invoked to prevent unnecessary litigation and expense, it should exercise its equitable powers so as not to prejudice any right of Fuller, or deprive him of any legal remedy which the law has provided to resist a claim which he ought not to be compelled to pay, or to recover damages to which he may be entitled.

It is not suggested in the written points forming part of the submitted papers, that the alleged counter claim may not be enforced as such, to the full amount claimed, on proving the facts stated in Fuller's answer. If no such objection can be taken justly, the merits of it may be litigated as well in the suit brought by Read, as in that brought by Fuller. If litigated in the former suit on the merits, the disposition that may be made of it in that action, will conclude the parties, and do justice to both. Such a disposition of it, would render the trial of the action brought by Fuller, unnecessary, might be set up by way of supplemental answer as a bar to its further prosecution, and if decided in favor of Fuller for the amount claimed, might justify an application on his part, to be permitted to discontinue the suit brought by him, without costs.

But if any portions of the damages sought to be recovered by him, should turn out to be damages for a false measurement of ale, other than that for which the note was given, and

for ale sold and delivered at other and different times, and if for that or other reasons, all of such damages could not be recovered as a counter claim, while a part of them might lawfully be so recovered, it might be proper to permit Fuller to proceed in the action which he has brought, to recover therein such part of the damages to which he may have been subjected, as cannot legally be made the basis of a counter claim in the suit on the note, but which, on the facts as they may be established, he has a right to recover.

We think that Fuller should not be compelled to make such an election as the order appealed from requires; that no order should have been made in the actions interrupting the orderly course of proceeding in either. When both actions shall have been put at issue, if it shall then appear that both causes of action may be tried on their merits in either suit, the court in its discretion may stay proceedings in one, until the trial of that which involves the whole merits has been disposed of.

The court, beyond that extent, should not interfere with a party who, in conformity with law and established practice, is seeking to avail himself of a cause of action, against a person who has sued him, by way of defence, notwithstanding such party may have brought a suit upon the same cause of action, which is still pending.

And no order staying proceedings in either of such two actions should be made, until they are in such a condition that the court can see that the merits of both can be fully tried in the other, and that such stay cannot have the effect to impair or prejudice the rights or remedies of the party stayed, with respect to the subject matter of either action.

We all agree that the order appealed from must be reversed, and the justice by whom the order was made, concurs in that conclusion.