## BARTH *a.* BURT.

*Supreme Court, First District; General Term, March,* 1864.

FORMER ADJUDICATION.—SET-OFF.—RECORD OF JUDGMENT.—
MATTER IN CONTROVERSY.

A purchaser of goods is not precluded from maintaining an action for a breach of warranty in regard to them, by the fact that he has suffered judgment by default in an action brought to recover the price.

A former judgment is a bar, not to all claims which might have been litigated

therein, but only as to such matters as might have been litigated under the pleadings and issues as made.

Exceptions heard at general term in the first instance.

This action was brought by Charles Barth against George Burt, to recover $165 damages for a breach of warranty in the sale of certain hogs. The case below was tried before Mr. Justice Clerke and a jury.

The plaintiff's counsel proceeded to open the case, and in the course of such opening stated that an action had theretofore been brought in this court by defendant Burt, against the plaintiff Barth, for the price of the hogs mentioned in the complaint, in which action this plaintiff had appeared and offered to suffer judgment to be taken against him for the price of the hogs, less the amount one hundred and sixty dollars claimed in this action as damages for the breach of warranty in the complaint herein alleged, and that such offer having been refused, he had, under the advice of counsel that it would cost more to defend that action in Wyoming county, where the venue was laid and the same was triable, than the amount of damages claimed, suffered judgment to be taken against him for the full price of the hogs, of which judgment the plaintiff's counsel then had before him a duly exemplified copy.

On the opening, defendant moved for a dismissal of the complaint; and the copy of the judgment-roll having been read in evidence by consent, the court dismissed the complaint, directing plaintiff's exception to be heard at the general term in the first instance.

*Chauncey Shaffer*, for the plaintiff.—I. A defendant is not bound, when sued in any of the superior courts of record, to set up, by way of counter-claim, any demand that he may have against the plaintiff. He may, at his option, prosecute a cross-action for such demand. (Welch *a.* Hazelton, 14 *How. Pr.*, 97; Halsey *a.* Carter, 1 *Duer*, 667; Fabricotti *a.* Launitz, 3 *Sandf.*, 743; S. C., 1 *Code R.*, *N. S.*, 121; Hammond *a.* Baker, *Ib.*, 105; Farmers' Loan & Trust Co. *a.* Hunt, *Ib.*, 1; *Code*, § 150; Batterman *a.* Pierce, 3 *Hill*, 171.)

II. The plaintiff having duly offered to prove his whole case, the dismissal of the complaint was error.

*Clarkson N. Potter*, for the defendant.—I. The record of the former recovery estops the defendant from controverting that the plaintiff therein fully performed the contract. (Davis *a.* Talcott, 12 *N. Y.* (2 *Kern.*), 184.) That record asserts, that on the 19th of April, 1856, $300 remained due from Barth to Burt on account of the hogs in question. If the plaintiff here succeeds, we shall have a judgment establishing that, by reason of the inferiority of the hogs, $300 was not then due from Barth to Burt.

II. That Barth, the defendant in the first suit, did not defend, makes no difference. The necessity of introducing evidence to support the Burt claim, was superseded by Barth's default. (Davis *a.* Talcott, 12 *N. Y.* (2 *Kern.*), 184.)

III. Matter which would have been a defence to a former action, cannot be made the subject of a subsequent suit. (Canfield *a.* Monger, 12 *Johns.*, 347; Morris *a.* Floyd, 5 *Barb.*, 130; Norton *a.* Woods, 22 *Wend.*, 520.) The defence of breach of warranty is admitted to avoid circuity of action. A second litigation of the same matter should not be tolerated when a fair opportunity can be afforded by the first to do final and complete justice to the parties. (McAllister *a.* Reab, 4 *Wend.*, 482, 492; affirmed, 8 *Ib.*, 109; Fisher *a.* Samuda, 1 *Campb.*, 190.) The judgment of a court possessing jurisdiction is final, not only as to the subject-matter determined, but as to every other matter which the parties might have litigated in the cause, and which they might have had decided. (Embury *a.* Conner, 3 *N. Y.* (3 *Comst.*), 511, 522; Farrington *a.* Payne, 15 *Johns.*, 431; Smith *a.* Jones, *Ib.*, 229; Miller *a.* Covert, 1 *Wend.*, 487.) And the plaintiff's opening showed, not only that Barth might have litigated the quality of these hogs in the former suit, but that he declined to do so solely because it was inconvenient. That he was badly advised is no reason why a salutary rule of law should be bent to meet the supposed equity of his case. (Davis *a.* Talcott, 12 *N. Y.* (2 *Kern.*), 184.)

By the Court.—Leonard, J.—This case comes before us on exceptions taken at the trial, and there directed by the justice to be heard at the general term in the first instance.

The action was brought to recover for a breach of warranty, as to the quality of hogs sold by the defendant to the plaintiff.

The defendant put in issue every allegation of the complaint, but no new matter of defence was interposed by the answer.

At the trial, the defendant was permitted to introduce in evidence the record of a judgment in this court in favor of the defendant Burt against Barth, the plaintiff in this action, for $300, being the balance due to Burt on a sale of 160 hogs by him to Barth. This judgment was recovered by default for want of an answer, and the damages were assessed by the clerk of Wyoming county, where the venue was laid.

No question was made on behalf of Barth at the trial of the present action, that the recovery of the said judgment was not had for the same hogs as to which the breach of warranty is here alleged, and no objection was made to the admission in evidence of the record of the former judgment.

The plaintiff offered to prove the truth of every allegation contained in his complaint in this action, but the learned justice excluded the evidence, and dismissed the complaint, to which ruling the plaintiff duly excepted.

It is insisted, on the part of the defendant Burt in this action, that the recovery of the judgment against Barth in the former action is a bar to the present action, and that Barth was required by law to interpose the breach of the alleged warranty as a defence, recoupment, or counter-claim in that action, or be precluded from any claim or action in relation to it;—that the record of the former recovery estops the defendant in that action (Barth) from controverting that the plaintiff therein (Burt) fully performed his contract;—that matter, which would have been a defence to a former action, cannot be made the subject of a subsequent suit.

There is no doubt that Barth might have interposed the breach of warranty as a defence to the action of Burt, as a recoupment or counter-claim; but the question here is, was it necessary for him to do so, or be forever precluded from a recovery for his alleged damages for the breach of warranty.

The examination which I have given to this subject, leads me to the conclusion, that this inquiry must be answered in the negative.

I will shortly refer to some of the cases most relied on by the learned counsel for the defendant to establish the rule adopted at the trial of this action.

The case of Davis *a.* Talcott (12 *N. Y.* (2 *Kern.*), 184) de-cides, that where the non-performance of an agreement is interposed as a defence to an action, and it so appears from the record, the defendant in that action cannot maintain an action subsequently for the breach of the same agreement. That case also decides, that where the facts constituting a non-performance of an agreement are set up as a ground for recoupment or set-off, and it so appears from the judgment-record in the former action, parol evidence is inadmissible in a subsequent action, brought by the defendant in the first action, to recover for the non-performance of the same agreement, to establish that the recoupment was withdrawn at the trial in the former action, and the evidence of non-performance confined to resisting a recovery in the former action.

The record in the former action established, by higher evidence, a different state of facts from those proposed to be proven by parol in the second action, and tended also to impeach the verity of the record.

The case of Morris *a.* Floyd (5 *Barb.*, 130,) was decided on the same principle. There it appeared that a mortgagor had been sued on his bond, and interposed a defence by plea, but afterwards suffered judgment to be recovered against him by default at the circuit, where an inquest was taken. In a subsequent action to foreclose the mortgage, the mortgagor set up the same defence. The court held the former judgment to be final. "It is enough that he had an opportunity of trying the question, and that the matter has been adjudged against him."

In Norton *a.* Woods (22 *Wend.*, 520), it is decided that where a party neglects to avail himself of his defence at law, he cannot afterwards obtain relief in equity on the same facts which he might have set up as a defence at law." That is all, there decided, which has any bearing upon the case before us.

The case of Canfield *a.* Monger (12 *Johns.*, 347) arose in a justice's court, and came before the late Supreme Court on certiorari. The remark of the court in that case had reference to the statute then in force relating to set-offs in a justice's court, making it necessary for the defendant in an action to plead his set-off, if he had one, or be forever precluded from maintaining an action to recover it. The case has no application here.

In McAllister *a.* Reab (4 *Wend.*, 482), affirmed in the Court

of Errors (8 *Ib.*, 109), the judge at the trial excluded evidence offered under a plea of a breach of warranty on the sale of an article for the price of which the plaintiff sought to recover. This was held to be error. Justice Marcy, delivering the opinion of the court, uses this language, viz. : " A second litigation of the same matter should not be tolerated, when a fair opportunity can be afforded by the first to do final and complete justice to the parties," &c. This language is cited by the defendant's counsel, and is to be found on his points, as authority to sustain the affirmative of the question above propounded. It is appropriate language in a case where the defence has been pleaded, but has no application in the case before us, where no plea or answer was interposed in the former action. These cases are all distinguishable from the present.

Other cases are cited by the defendant's counsel, which hold, that so far as the subject-matter in controversy has been adjudicated upon, the parties are concluded by it. Also, that a judgment of a court of competent jurisdiction is final as to every matter which the parties might have litigated in the cause. A reference to those cases will show that the " matter in controversy" had been put at issue by the pleadings, or the situation of the question or proceeding before the court, and that they have no application to a case where the " matter in controversy" was not before the court, so as to entitle the defendant to offer evidence of a matter of recoupment, set-off, or counter-claim. A former judgment is a bar, not to all claims that might have been litigated therein, but only to such claims or matters as might have been litigated under the pleadings and issues as made. (Burdick *a.* Post, 12 *Barb.*, 168.) I think it entirely clear, upon authority, that the defendant has the election whether he will set up his claim in answer to the plaintiff's demand, or resort to a cross-action. Such is declared to be the rule by Judge Bronson, in Batterman *a.* Pierce (3 *Hill*, 171). In that case, the warranty was set up as a defence to an action on a promissory note, and the evidence to support it was excluded. The facts of that case are not, therefore, strictly analogous to the one now under consideration, but the dicta of so eminent a jurist is not without force as legal authority.

The New York Superior Court compelled the defendant to elect between an action which he had previously brought for

damages for the breach of a contract, and a claim to recoup in an action against him to recover on a promissory note given for the price of marble sold under the contract in question. (Fabricotti *a.* Launitz, 3 *Sandf.*, 743.) The same court also held that the defendant had the right to elect whether he would recoup, or set-off his damages, or bring a separate action : that such had always been the rule, and the Code had not effected any change in that respect. (Halsey *a.* Carter, 1 *Duer*, 667.) To the same purport is also the case of Lignot *a.* Redding (4 *E. D. Smith*, 285.) (Opinion by INGRAHAM, first judge.)

The cases referred to sufficiently show that the right of the plaintiff to recover in this action has not been barred by the recovery in the former action of the defendant.

There must be a new trial, with costs to abide the event.

CLERKE, J., concurred.

SUTHERLAND, J.—When a defendant, before the Code, set up a counter-claim by way of recoupment, he could not have a balance certified in his favor ; and as there might be cases in which the damages he had sustained by fraud or breach of warranty in the purchase of goods exceeded the plaintiff's claim for their price, if the courts had denied the defendant the election, either to recoup or to bring a cross-action for such damages, the defendant in such case would have been without any remedy for such balance or excess of damages beyond the plaintiff's claim ; for to have allowed the defendant to have recouped to the extent of the plaintiff's claim, and then to bring an action for such balance, would have interfered with the decisions holding that parties could not split up their claims.

I do not think, therefore, that the cases referred to, in which it is said that the defendant had this election, either to recoup or bring an action, should be considered as controlling on the question in this case.

But prior to the Code, under the statutes allowing a set-off, and under the Code allowing a counter-claim, the defendant can have judgment for any balance found in his favor ; and yet I find no case holding that, under the statutes of set-off, the defendant was bound in an action in a court of record to plead or

give notice of his set-off, or be precluded from bringing an action.

In the absence of any such decision, I concur in the conclusion to which Justice Leonard has arrived in this case. (See, also, Halsey *a.* Carter, 1 *Duer*, 667; Welsh *a.* Hazelton, 14 *How. Pr.*, 97.)

The estoppel in Davis *a.* Talcott (12 *N. Y.* (2 *Kern.*) 184), appears to have been put on the ground that the recovery of the plaintiff in the former action, from the nature of the agreement upon which that action was brought, involved the consideration of the claim on which the second action was brought, irrespective of the fact that the claim was set up as a counterclaim in the first action. I do not think this principle of estoppel applicable to the present case.

Whether a defendant, after properly setting up in his answer a counter-claim, can afterwards, and during the pendency of the action in which he has set it up, and in which it may be allowed, bring an action on the claim thus set up as a counter-claim, is another question, and one on which I have expressed an opinion in another case decided at this term.

New trial ordered.