NATHANIEL A. JEFFRAS AND OTHERS, APPELLANTS, *v.* THE McKILLOP & SPRAGUE COMPANY, RESPONDENT.

*Answer — Irrelevant and redundant matter — what is.*

This is an action of libel, brought against the defendant (a corporation created to publish books, pamphlets and newspapers relating to commercial credit), for telegraphing to a firm in Cincinnati, " It is rumored that Jeffras, Seely & Co. [the plaintiffs] are in trouble." The defendant in its answer alleged that, for the purposes of its business, it had entered into contracts with other commercial agencies, among which was the firm in Cincinnati, by which they were to furnish to each other information concerning the business and commercial standing of any person or firm within the territorial districts, or elsewhere, within which either of the parties to the contract might carry on business; that the words complained of, were composed and telegraphed as a warning, and for information to said firm, in confidence, and for their business, and not to be used in any other way. *Held*, that a motion to strike out these allegations as irrelevant and redundant, was properly denied. That, even if the facts pleaded did not constitute a justification, they were proper to be taken into consideration as mitigating circumstances.

APPEAL from an order denying a motion to strike out a portion of the defendant's answer as irrelevant and redundant. The action is brought against the defendant for damages, by reason of the defendant's having telegraphed to the firm of Tappan, McKillop

& Co., in Cincinnati, the words, "It is rumored that Jeffras,. Seely & Co. [the plaintiffs] are in trouble."

Other facts are stated in the opinion.

*Charles A. Jackson,* for the appellants.

*Julien T. Davies,* for the respondent.

LAWRENCE, J. :

This is an appeal from an order denying a motion, made on the part of the appellants, to strike out certain portions of the answer of the defendant (respondent), as irrelevant and redundant. The action is for a libel, alleged to have been maliciously composed and published of and concerning the plaintiffs by the defendant. The defendant is a corporation, created and organized under the laws of the State of New York, whose business is that of printing and publishing books, pamphlets and newspapers, relating to commercial credit, and the furnishing of information respecting the same. The plaintiffs were merchants, doing business in the city of Cincinnati, in the State of Ohio, at the time of the publication of the alleged libel. The portion of the answer which it is moved to strike out, alleges that the defendant, for the purposes of its business, has connected with it other commercial agencies, with which, including the firm of Tappan, McKillop & Co., it has contracts that each shall furnish to the other, to enable them to carry out their contracts with their respective subscribers, information that either may need concerning the business and commercial standing of any person or firm, within the territorial district, or elsewhere, within which either of the parties to the contract may carry on business. That such a contract existed between the defendant and the firm of Tappan, McKillop & Co., of the city of Cincinnati, prior to the 1st day of July, 1873, the date of the alleged publication, which contract had ten years to run from the 1st of July, 1870. It is then averred that the words complained of, were composed and telegraphed as a warning, and for information to said firm, and in confidence, and for their business, and were not to be used in any other way. And also for the purpose of eliciting a reply from said firm, that would give the defendant.

the information it required, about the commercial standing and credit of the plaintiffs, in order that the defendant might place upon its books a true and correct account about the plaintiffs, and correct the rumor as to the embarrassments of the plaintiffs, if such rumor were untrue. Also, that the plaintiffs were at the time of the alleged publication, subscribers to the commercial agency of Tappan, McKillop & Co.

It is objected, on the part of the respondent, that the order in question, rested within the discretion of the court, and that an appeal will not therefore lie to the General Term. I think that the decisions of the Court of Appeals, in the very recent cases of *Livermore* v. *Bainbridge,* [*] and in *Gray* v. *Fisk,* [†] have settled definitely, that, even in cases where the motion is addressed to the discretion of the justice at the Special Term, an appeal lies to the General Term; and that in such case, if the justice decides wrongly in the first instance, it is not only the right, but the duty, of the General Term to correct his error. But I am not satisfied that there was any error committed in the disposition which was made of this motion at the Special Term. An answer is said to be irrelevant, when the matter which it sets forth, has no bearing on the question in dispute — does not affect the subject-matter of the controversy, and can in no way affect or assist the decision of the court. [‡] The business in which the defendant was engaged, was a lawful business, and communications made by it, in good faith, to its subscribers, are held to be privileged communications. [§] The matter set forth in the complaint as libelous, consisted of a communication by the defendant to another mercantile agency, with which the defendant alleges it has a contract, by which each was to supply to the other any information that either might need, or that might be of use to either in their business, or to enable them to carry out their respective contracts with their subscribers.

Without determining definitely whether such communications are, within the rule laid down in *Ormsby* v. *Douglass,* [‖] privileged communications, I think that the defendant is entitled to allege in

---

[*] 47 How., 354.                              [†] 53 N. Y., 630.

[‡] Lee Bank v. Kitching, 11 Abb., 435; Cahill v. Palmer, 17 id., 196; Fabricotti v. Launitz, 3 Sandf., 743.

[§] Ormsby v. Douglass, 37 N. Y., 477.        [‖] 37 N. Y., 477.

its answer the circumstances under which the alleged libelous matter was published, for the purpose of showing the nature and character of the publication, and that, in that view, it cannot be said that the matters contained in the allegation sought to be stricken out, have no bearing upon the question in dispute, or that they do not affect the subject in controversy. The portion of the answer objected to, is not therefore irrelevant or redundant. *

Again : Under the provisions of section 165 of the Code, a defendant is entitled to allege in his answer, both the truth of the matter charged as defamatory, and any mitigating circumstances. The portion of the answer complained of, is alleged both by way of justification and mitigation. If not good as a justification, it certainly contains matter proper to be taken into consideration as mitigation.† And if proper to be pleaded for any purpose, the matters contained in the allegation cannot be considered as irrelevant or redundant. I am therefore in favor of affirming the order of the Special Term, with costs.

Davis, P. J., and Daniels, J., concurred.

Order affirmed with costs.

* Cases, *supra*.      † Bush v. Prosser, 11 N. Y., 347; Bisbey v. Shaw, 12 id., 67.