*Order affirmed.*

---

JEFFRAS, appellant, v. McKILLOP AND SPRAGUE COMPANY.

*Pleading — action for libel — irrelevant and redundant matter — appealable order — discretionary one is.*

In an action against a "commercial agency" company for libel, the answer set up that defendants and a firm in the same business were under a mutual contract, to furnish each other with information concerning the commercial standing of business men; that the alleged libelous words were telegraphed to said firm in confidence, as a warning, for the purposes of their business only and for the purpose of eliciting from said firm correct information concerning plaintiffs for defendants' own use. A motion to strike out these allegations of the answer, as irrelevant and redundant, was denied. *Held,* (1) that although discretionary, the order denying the motion was appealable; and (2) that the allegations were not irrelevant or redundant, as (*a*) defendants were entitled to allege circumstances showing the nature and character of the libel, and as, (*b*) under section 165 of the Code, being in justification and mitigation of such libel.

APPEAL from an order at special term denying a motion to strike out certain parts of the answer as irrelevant and redundant. The action was brought by Nathaniel A. Jeffras and another against the McKillop and Sprague Company, a corporation formed under the laws of this State, to recover damages for an alleged libel. The material facts appear in the opinion.

*Charles A. Jackson,* for appellant.

*Julien T. Davis,* for respondent.

LAWRENCE, J. This is an appeal from an order denying a motion made on the part of the appellants, to strike out certain portions of the answer of the defendants as irrelevant and redundant. The action is for a libel alleged to have been maliciously composed and published of and concerning the plaintiffs by the defendants. The defendants are a corporation created and organized under the laws of the State of New York, whose business is that of printing and publishing books, pamphlets and newspapers relating to commercial credit, and the furnishing of information respecting the same. The plaintiffs were merchants doing business in the city of Cincinnati, in the State of Ohio, at the time of the publication of the alleged libel.

The portion of the answer which it is moved to strike out alleges that the defendants, for the purposes of their business, have connected with them other commercial agencies, with whom, including the firm of Tappan, McKillop & Co., they have contracts that each shall furnish to the other, to enable them to carry out their contracts with their respective subscribers, information that either may need concerning the business and commercial standing of any person or firm within the territorial district or elsewhere within which either of the parties to the contract may carry on business. That such a contract existed between the defendants and the firm of Tappan, McKillop & Co., of the city of Cincinnati, prior to the 1st day of July, 1873 ( the date of the alleged publication ), which contract had ten years to run from the 1st of July, 1870. It is then averred that the words complained of were composed and telegraphed as a warning and for information to said firm, and in confidence and for their business, and were not to be used in any other way ; and also for the purpose of eliciting a reply from said firm that would give the defendants the information they required about the commercial standing and credit of the plaintiffs, in order that the defendants might place upon their books a true and correct account about the plaintiffs and correct the rumor as to the embarrassments of the plaintiffs, if such rumor were untrue. Also that the plaintiffs were, at the time of the alleged publication, subscribers to the commercial agency of Tappan, McKillop & Co.

It is objected on the part of the respondents that the order in question rested in the discretion of the court, and that an appeal will not, therefore, lie to the general term.

I think that the decision of the court of appeals in the very recent

Jeffras v. McKillop and Sprague Co;

cases of *Livermore* v. *Bainbridge*, 47 How. 354, and *Gray* v. *Fisk*, 53 N. Y. 630, have settled definitely that even in cases where the motion is addressed to the discretion of the justice at the special term, an appeal lies to the general term, and that in such case, if the justice decides wrongly in the first instance, it is not only the right but the duty of the general term to correct his error.

But I am not satisfied that there was any error committed in the disposition which was made of this motion at the special term. An answer is said to be irrelevant when the matter which it sets forth has no bearing on the question in dispute, does not affect the subject-matter of the controversy, and can in no way affect or assist the decision of the court. See *Lee Bank* v. *Kitching*, 11 Abb. 435; *Cahill* v. *Palmer*, 17 id. 196; *Fabbricotti* v. *Launitz*, 3 Sandf. 743.

The business in which the defendants were engaged was a lawful business, and communications made by them in good faith to their subscribers are held to be privileged communications. *Ormsby* v. *Douglass*, 37 N. Y. 477. The matter set forth in the complaint as libelous consisted of a communication by the defendants to another mercantile agency, with which the defendants allege they have a contract by which each was to supply to the other any information that either might need, or that might be of use to either in their respective business, and to enable them to carry out their own and their respective contracts with their subscribers.

Without determining definitely whether such communications are, within the rule laid down in *Ormsby* v. *Douglass*, 37 N. Y. 477, privileged communications, I think that the defendants are entitled to allege in their answer the circumstances under which the alleged libelous matter was published, for the purpose of showing the nature and character of the publication, and that in that view it cannot be said that the matters contained in the allegation sought to be striken out have no bearing upon the question in dispute, or that they do not affect the subject in controversy. In this view the portion of the answer objected to cannot, therefore, be said to be irrelevant or redundant. See cases *supra*.

Again, under the provisions of the 165th section of the Code, a defendant is entitled to allege in his answer both the truth of the matter charged as defamatory and any mitigating circumstances. The portion of the answer complained of is alleged both by way of justification and mitigation. If not good as a justification it certainly contains matter proper to be taken into consideration in

mitigation. *Bush* v. *Prosser*, 11 N. Y. 347; *Bisbey* v. *Shaw*, 12 id. 67. And if proper to be pleaded for any purpose, the matters contained in the allegation cannot be considered as irrelevant or redundant.

I am therefore in favor of affirming the order of the special term, with costs.

*Order affirmed.*