Folger, J.
It is claimed that the City Court of Long Island City, before which the plaintiff in error was convicted, has no constitutional existence. That court was created by chapter 460, of the Laws of 1871. The act is entitled, “An act to revise the charter of Long Island City.” The specific point made is, that the act is a local act, that it contains more than one subject, and that the title does not express the subject of the erection of that court. Probably the rule in Huber v. The People (49 N. Y., 132), would make this a local act. But for the purposes of this case we may concede that it is, without so deciding. The constitutional provision, which it is said has been disregarded, is in the sixteenth section of article 3, of the Constitution: that no local bill shall embrace more than one subject, and that shall be expressed in its title. We think it plain, that an act creating a municipality, and giving to it the necessary legislative, taxing, judicial and police powers, embraces but one subject. Every municipality, to be of benefit to its citizens and to be efficient in its action, must have such powers to greater or less extent. Any act which sets out to erect a municipality must give to it these powers, or it is passed in vain. It follows, then, that the separate provisions of the act defining and granting these powers are but parts of a whole, and essential to make a whole. The whole thing, the creation of the municipality, is the subject of the act; and the parts of it are not separate *602 subjects, but separate parts of one general subject. So that the act under which Long Island City was first incorporated embraced but one subject, to wit: the erection of that municipality. The title of that act, “ An act to incorporate Long Island City ” (Laws of 1870, chap. 719, p. 1729), expressed clearly that subject. The object of the constitutional provision was two-fold: to prevent the joining of one local subject to another or others of the same kind, or to one or more general subjects, so that each should gather votes for all; and to advise the public, and the locality, and the representatives of the locality and of other parts, of the general purpose of the bill, so that those interested might be on their guard as to the whole or as to the details. (The People ex rel. v. Suprs. of Chautauqua, 43 N. Y., 10.)
The act last cited did not go counter to that object. The title of it was in obedience to it. The revision of an act which has incorporated a municipality is, by parity of reasoning, but one subject; certainly so if, in the revision, no difierent general powers are given. The revision may treat of the essential parts of the whole, as well as may the original creative enactment. And if the revision of the act of incorporation, that is of the charter, is but one subject, surely an act which is entitled an act to revise that charter expresses the whole of that subject, while it expresses but one subject. Such is the title of the act complained of. In the act of 1870, which was the origin of the municipal existence of Long Island City, judicial powers had been conferred. That was an important part of the municipal organization desired and created. An act which, by its title, announced its subject to be a revision of that charter was calculated to give notice that legislation was sought for which might touch upon the subject of the judicial power of the municipality. Thus, the object of the Constitution was carried out. We do not think that the act of 1871 is unconstitutional, on the ground alleged by the plaintiff in error.
We think that the indictment is to be held as one for burglary in the third degree. The verdict was general, *603 guilty. It was, guilty of the offence alleged in the indictment ; that is, of burglary in the third degree. The punishment imposed was greater than that fixed by law for that offence. It was the sentence appropriate for burglary in the second degree. The trial appears to have been legally conducted ; the conviction appears to have been legal; the sentence-alone is illegal. It is not necessary, on account of this, to reverse the judgment. This court has power in such case to affirm the conviction, and to remand the case to the court below, that the proper sentence maybe given to the prisoner. (Laws of 1863, chap. 226, amending 2 R. S., 741, §24; Ratzky v. The People, 29 N. Y., 124.)
The judgment should be affirmed, but the case remanded to the court below, that the proper sentence be imposed.
All concur.
Judgment affirmed and ordered accordingly.