# CITY COURT OF NEW YORK.

## J. Prentiss Tuckerman agt. Donald R. Corbin.

*Counter-claim — Defendant not allowed to plead the same counter-claim to three independent actions brought by same plaintiff — Plaintiff may in his reply in second and third actions plead in abatement that counter-claim has been pleaded in first action — Defendant should protect himself by moving to consolidate or stay the second and third actions.*

A party who has brought an action is not precluded from setting up the same matter as a counter-claim in a cross action, but will be compelled to elect between his own suit and the recoupment claimed, and if he elects the latter, his own suit will be stayed. But the rule does not extend so far as to allow a defendant to plead the same counter-claim to three independent actions brought by the same plaintiff. After using the counter-claim in the first action, the plaintiff may, in his reply, in the second and third actions, plead in abatement the fact that such counter-claim has been pleaded in the first action.

The defendant should have protected himself by moving to consolidate the actions or to stay the second and third actions until the first action was disposed of.

*Trial Term, February,* 1884.

Trial by the court without a jury.

*E. P. Wilder,* for plaintiff.

*Rockwell & Pearson,* for defendant.

McAdam, C. J.— Upon the trial of this action the following facts were conceded:

1. That prior to the commencement of this action the plaintiff commenced suit upon a promissory note made by the defendant and payable to the plaintiff's order, and to that suit the defendant pleaded a counter-claim against the plaintiff amounting to the sum of $5,500.

2. That under the statute applicable to this court, the counter-claim pleaded, if recoverable at all, is recoverable in

Tuckerman agt. Corbin.

that action "without respect to the amount thereof" (*Code, sec.* 3174).

3. That the present action is upon a promissory note of like tenor and import, which became due one month after the maturity of the note embraced in said first action.

4. That the counter-claim pleaded in this suit is the same one pleaded in said former action.

Upon these admissions I decide, as matter of law, that the defendant having elected to interpose the counter-claim to said first action, can recover all the relief he is entitled to therein and is concluded by his election. And assuming, as I do for the purposes of this trial (but for no other purpose), that the counter-claim is a valid one, such election prevents the defendant from prosecuting the same counter-claim in the present action, for several reasons:

1. In said first action the defendant may recover his entire counter-claim, and in that way not only extinguish the plaintiff's cause of action therein, but recover a judgment for the excess, whatever it may be proved to be (*See Gleason* agt. *Muen,* 2 *Duer,* 643; *Davidson* agt. *Remington,* 12 *How. Pr.,* 310).

2. Such counter-claim, although growing out of the original cause of action, might, at the option of the defendant, have been made the subject of an independent cause of action, and he cannot have two actions pending at the same time for the same cause, the pendency of one being a good plea in abatement to the other.

3. A counter-claim is in the nature of a cross action, and two actions for the same cause cannot be pending at the same time.

4. Whatever judgment is rendered in said first action determines the rights of the parties thereto (*Hatch* agt. *Benton,* 6 *Barb.,* 28; *Miller* agt. *Freeburn,* 4 *Robt.,* 608; *Davidson* agt. *Alfaro,* 6 *Weekly Dig.,* 455; *Jones* agt. *McGee,* 7 *id.,* 97), and such issues cannot be twice tried with the possible chance of a double recovery for the same cause, or a defeat on one trial and a recovery on the other.

In the examination of this question, the point presented must not be confounded with one which might have arisen if the plaintiff had been the assignee of a cause of action, and the counter-claim had been available only to the extent of the demand which the plaintiff was prosecuting, nor (2) with the question which might have arisen if the defendant had first sued the plaintiff, and the latter had then brought an independent suit upon his claim to which the defendant had interposed the subject-matter of his action as a counter-claim, for in each of the two last named cases a different question of practice would have arisen (*Fabricotti* agt. *Lannitz*, 3 *Sand.*, 743; *Wilstee* agt. *Northam*, 3 *Bosw.*, 163; *Fuller* agt. *Read*, 15 *How. Pr.*, 236; *Harris* agt. *Hammond*, 18 *id.*, 123; *Naylor* agt. *Schenck*, 3 *E. D. Smith*, 135).

If the defendant, after pleading his counter-claim in the former action, had pleaded the same facts as a defense, instead of a counter-claim to this action, a different question might have arisen, although it has been said that if a defendant elects to recoup, and thus obtain the allowance of part of his claim, he cannot thereafter maintain a cross action for the remainder (*Britton* agt. *Turner*, 6 *N. H.*, 481).

But the defendant is bound by his own definition of the answer, and cannot at his own volition change the nature of the pleading which he has characterized and by so doing mislead the plaintiff (*Equitable Life Insurance Society* agt. *Cuyler*, 75 *N. Y.*, 515). He cannot now call that a defense which he has deliberately designated as a counter-claim. According to the rules of pleading, a defense is one thing and a counter-claim another. Matter pleaded may be good as a defense and not as a counter-claim, and *vice versa*. A counter-claim, if not demurred to, requires a reply. If matter be set up as a counter-claim, and the plaintiff demurs to it for insufficiency, it is no answer to the demurrer to say that although bad as a counter-claim it is good as a defense. The plaintiff is presumably a responsible person, able to meet any recovery which the defendant may obtain upon his counter-

Tuckerman agt. Corbin.

claim in the first action. If not, that circumstance might perhaps have furnished a sufficient reason for a special appli-. cation to stay all proceedings in the present action until the first was disposed of. But no motion of that kind has been made. The present action has been called for trial, and it must be disposed of according to the strict legal rights of the parties as set out in their pleadings.

It may be suggested with some force, perhaps, that the principles underlying the cases of *Fabricotti* agt. *Lannitz* (3 *Sandf.*, 743; *Wilstee* agt. *Northam* (3 *Bosw.*, 163); *Fuller* agt. *Read* (15 *How. Pr.*, 236); *Harris* agt. *Hammond* (18 *id.*, 123); *Naylor* agt. *Schenck* (3 *E. D. Smith*, 135) apply with equal force to this case—that the setting up of the counter-claim has no greater effect than the commencement of an independent action. In a limited sense this is so, but in a legal sense it has this further significance: by interposing the counter-claim the defendant prevented a recovery in the first action, which, according to the allegations and admissions of the pleadings must otherwise have gone to judgment for want of a legal defense. The court could not well compel the defendant to elect on which particular counter-claim he would rely, unless in law the one was a bar to the other; and if the law gave this effect to the pleadings, an order of the court stating the law would give it no additional force.

*Fabricotti* agt. *Lannitz* (3 *Sandf.*, 743) holds that a party who has brought an action is not precluded from setting the same matter up as a counter-claim in a cross action, but that he will be compelled to elect between his own suit and the recoupment claimed; and if he elects the latter, his own suit will be stayed. Suppose the defendant in the present case declines to elect, what will the court do with his double counter-claim?

The court might stay the second action perhaps; but suppose the plaintiff did not want his action stayed—and there are few plaintiffs that do—where is the plaintiff's remedy to be found? It seems to me that it is found in that which the

plaintiff has evoked — viz., plea in abatement. The object of the stay, suggests judge WOODRUFF, in *Wilstee* agt. *Northam* (3 *Bosw.*, 168), was to prevent "needless litigation." The defendant might, perhaps, have secured a stay of the present action on special application, as before stated, but no such motion was made. In *Fuller* agt. *Read* (15 *How. Pr.*, 236), it appeared that Fuller had sued Read for damages. Three days afterwards Read brought a cross action against Fuller upon a note of the latter. Both actions were brought in the superior court. Fuller put in an answer to the complaint in the latter action, setting up, by way of counter-claim, the same facts which he had stated as a cause of action in the complaint in the suit which he had previously commenced.

On an affidavit stating these facts, and upon the two complaints and the answer, and on motion of Reed, an order was made in both actions, requiring Fuller to elect within ten days either to proceed in the action which he had commenced to recover his damages, and declaring that if he so elected he should be precluded from giving evidence in support of his counter-claim, or to abide by his counter-claim, and declaring that if he so elected all proceedings in the suit brought by him should be stayed. If he failed to make the election within the time specified, the order further provided that he should be deemed to have elected to proceed in the suit he had commenced, and should be precluded from giving any evidence in support of his counter-claim, and that the answer containing it should be deemed to be stricken out.

Fuller appealed to the general term, and upon the appeal the order was reversed. The court, in rendering its decision upon the reversal, among other things, said: "When both actions shall have been put at issue, if it shall then appear that both causes of action may be tried on their merits in either suit, the court, in its discretion, may stay proceedings in one until the trial of that which involves the whole merits has been disposed of." This is the character of motion which the defendants ought to have made here, and it might,

in the exercise of a wise discretion, have been granted, either with or without terms.

The court in that case intimated that the facts constituting the counter-claim may have been available as a defense.  The same thing may be true of the counter-claim pleaded in this action, but the difficulty is that here it is pleaded specially as a counter claim, and not as a defense, nor as a "defense and counter-claim."  The principle which underlies *Fabricotti* agt. *Lannitz* (*supra*) and kindred cases is explained by judge WOODRUFF, in *Naylor* agt. *Schenck* (3 *E. D. Smith*, 137). He says that a party who prosecuted a demand, and is afterwards sued by his adversary and pleads his original cause of action by way of counter-claim, is not prosecuting two actions, one of which abates the other.  The learned judge then reasons out the rule as follows:

"In an endeavor to collect their damages, they (the plaintiffs) find themselves prosecuted by their adversary.  They may defend by setting up any matter which the law recognizes as a defense, whether it be a cause of action or whether it be a judgment actually rendered thereon, the only difference being that after judgment it must be used as a judgment by way of set-off.  The election made by the defendant was not an election to recoup.  At that time it was an election between prosecuting to establish their claim or suffering the injury without seeking any redress.  And when the plaintiff forced them into court upon the claim for rent, the opportunity to use their claim by way of defense first arose, and they had a right to embrace it."

In the present case the defendant knew that the plaintiff held the two notes sued upon; that he was prosecuting separate actions on each, and instead of contenting himself by interposing the counter claim in the one first brought, and applying for a stay in the second action until the issues in the first were disposed of, he interposed the same counterclaim to the second, and thereby invited two trials of the same issue, when one would have secured him all the relief

to which he was entitled. He may answer that an adjudication in the one will be conclusive upon the rights of the parties in the second.

This answer has force, but is overcome by the fact that if he is defeated in the one action he is entitled to try the same issue anew, unless the plaintiff proves the first adjudication, a duty which he thereby shifts from himself upon the plaintiff. I do not think he can do this, particularly where the duty carries with it the *onus* of proving the identity of the subject-matter litigated with the counter-claim pleaded; and this right in the plaintiff to prove the adjudication may not be secured until the court and the plaintiff have again listened to the proofs of the counter-claim. I think the record should not be so incumbered. If the defendant had procured a stay of the second action, and the first had been decided against him, that adjudication would have terminated the entire litigation.

The defendant's counter-claim amounts to $5,500; it grows out of one transaction and is for unliquidated damages. There can be but one trial and one recovery upon it. It cannot be split up and divided into different causes of action, and cannot, in my judgment, be used successively to a series of actions brought by his adversary. If the damages had been liquidated by a judgment it might have defeated a recovery by the plaintiff, and might perhaps have been used in each suit to extinguish the cause of action therein (*Busherville* agt. *Brown*, 2 *Burr*, 1299). But this course would not have necessitated a double adjudication, for the problem would have been reduced to a mere matter of figures.

The defendant might have moved to consolidate the two actions, the issues being identical, and thus have avoided the present complication (*Code, sec.* 817), but he has failed to do so, and must not complain if the rules of practice laid down seem oppressive.

Under all the circumstances, I hold that the plea in abatement which the plaintiff presents, by his reply to the counter-

claim, is a complete answer thereto, so far as this action is concerned, and upon this ground I direct judgment in favor of the plaintiff for $348, the amount claimed, and interest.