THE COPLEY IRON COMPANY, LIMITED, Respondent, *against* THOMAS J. POPE *et al.*, Appellants.

(Decided April 13th, 1885).

If, upon delivery of goods sold under an executory contract, the purchaser does not return or offer to return them, he cannot afterwards, on the ground that they are not of the kind or quality contracted for, recover damages, or, in an action for the price, recoup or set off the difference in value.

*It seems*, that the only exceptions to this rule are cases of express warranty, or of fraud, or where, from the nature of the contract, there could be no examination of the goods by the vendee. Per CHARLES P. DALY, Ch. J.

APPEAL from a judgment of this court entered upon the verdict of a jury rendered by direction of the court.

The facts are stated in the opinions.

*W. N. Niles,* for appellants.

*George A. Strong,* for respondent.

LARREMORE, J.—Upon the trial, the plaintiff's claim in the complaint, $13,376, was admitted. It was also admitted

that all the allegations in the answer were proved, and for the purpose of the motion made to the court, it was agreed that the cause of action set up by way of counterclaim in this action, was identical with the cause of action set up in the complaint in an action in the Supreme Court brought by these defendants against the plaintiffs, in which a trial had been had, and the court took the case from the jury, dismissed the complaint upon the merits, and rendered judgment in favor of the plaintiff, and that an appeal is now pending to the General Term from such judgment. It was further agreed that the suit brought by Allis has now proceeded to judgment, which was entered subsequent to the service of the complaint in the Supreme Court, was not alleged in the pleadings, but was offered in evidence on the trial and ruled out.

The court directed a verdict for the plaintiff, to which defendants' counsel duly excepted.

It has been held that the pendency of an action for damages is no bar to the setting up of the same demand for damages as counterclaim in a suit afterwards brought against the plaintiffs in the first action by the defendants therein (*Wiltsil* v. *Northam*, 3 Bosw. 162; *Fuller* v. *Reed*, 15 How. Pr. 236.

But in this case it does not appear that the defendants returned, or offered to return, the goods purchased. As I understand the law, the purchaser must either take the goods, or reject and return them : he cannot hold them and yet sue for damages.

When the issues were joined, the other action had not come to trial, and the plaintiffs could only plead pendency of the former action for the same cause, which they did, and which was in accordance with the prevailing practice (*Krekeler* v. *Ritter*, 62 N. Y. 372).

The appellant relies upon *Frank* v. *Lanier* (91 N. Y. 113) as decisive upon the point involved. That was a case of forged notes, wherein the defendants expressly agreed to indemnify the plaintiffs if the forgery was established. It

Copley Iron Co. *v.* Pope.

is not applicable to the issues here involved, and the judgment appealed from should be affirmed.

CHARLES P. DALY, Chief Justice.—I agree that this judgment should be affirmed.

The rule is, that the purchaser must examine the goods when received; and if they are not of the kind or quality contracted for, that he must return, or offer to return, them; and if he does not, that he is to be regarded as having accepted them, and cannot, in an action for the price, recoup or set off the difference between the actual value of the inferior article received, and the value of that which was contracted for. The only exceptions to this well established rule are, in cases of an express warranty, or fraud; or where, from the nature of the contract, there could be no examination by the vendee; as if, in the present case, the plaintiffs were not, by the contract, to deliver the iron to the defendants, but to the defendant's customer, Adee. Of these exceptions, *Muller* v. *Eno* (14 N. Y. 602) is an illustration of the right, in an action for the price, in cases of an express or implied warranty, to recoup the damages for the breach of the warranty, without returning or offering to return the goods; and *Renaud* v. *Peck* (2 Hilt. 137) is an illustration of a like exception, where the inferior quality or worthlessness of the article, was not apparent upon an ordinary examination, through the ingenious and fraudulent way in which the article had been put up by the manufacturer.

There is nothing in the answer to bring this case within any of these exceptions. No warranty, express or implied, has been averred, and there is no averment of fraud. The defendants, it is true, allege that they had no opportunity to examine the article; but as they admit that they received it, and delivered it to their customer Adee, they were bound, under such an admission, to go farther, and aver or show how it was impossible for them to examine it. It may be that they meant by such an averment, that they could not examine it, as they were not manufacturers, but simply merchants dealing in the article; or because, to examine it

would put them to great inconvenience, expense or trouble to do so; but this would be no excuse for not examining and returning or offering to return it, if the iron was not the kind of iron (No. 1 extra, etc.) contracted for (*Hargous* v. *Stone*, 5 N. Y. 88; *Hart* v. *Wright*, 17 Wend. 274; *Hyatt* v. *Boyle*, 5 Gill. & Johns. 110).

This I consider decisive of this appeal, without inquiring into the question of *res adjudicata*.

VAN HOESEN, J., concurred.

Judgment affirmed.