A. B. ALDUS REALTY Co., INC., Plaintiff, *v.* ———— BRESLOF and Another, Defendants.

City Court of New York, New York County, November 2, 1928.

*Sobel & Brand,* for the plaintiff.

*Oppenheim & Helfant,* for the defendants.

LA FETRA, J. The action is to recover a monthly installment of rent due under a written lease made between the plaintiff as lessor and the defendant Breslof as lessee, and assigned by the latter to the defendant Siegel who admits being in possession of the premises under an assignment of the lease from Breslof. The defendants have answered separately. Each admits all of the material allegations of the complaint. Each interposed a defense and counterclaim for damages sustained by reason of an alleged defective condition of the demised premises. The plaintiff has filed a reply

to each of the counterclaims denying the material allegations and pleaded that there is another action by way of counterclaim now pending between the parties for the same cause of action as is pleaded in these counterclaims. It is admitted that another action was heretofore brought by the plaintiff against these defendants for a prior monthly installment of rent and that in said action the said defendants have interposed the same defense and counterclaim and that said issues are still undetermined and pending. The rule is that a defendant may not, when sued in successive actions brought by the same plaintiff, interpose the same counterclaim in each action (*Tuckerman* v. *Corbin*, 66 How. Pr. 404), which rule is subject to the limitation that where, as here, the counterclaim is also pleaded as a defense, it may properly be interposed as a defense. (*Tuckerman* v. *Corbin, supra; Naylor* v. *Schenck*, 3 E. D. Smith, 135, 137.) Whilst the form of the defendants' pleading is improper, this practice to plead every counterclaim as a defense is quite common. Unless such a pleading is corrected by motion, the plea may be treated as either a counterclaim or as a defense. (*Loew* v. *McInerney*, 159 App. Div. 513.) The defendants' claims are in the nature of a defense by way of recoupment. If the counterclaim and defense are sufficient as a matter of law, the plaintiff's motion must be denied. The notice of motion by plaintiff bases its claim of relief under Rules of Civil Practice, rule 113. In the affidavit in support of the motion, the plaintiff does not claim that the counterclaim and defense are insufficient as a matter of law, but contends that they must be dismissed because of the pendency by way of counterclaim of the prior action. Assuming, without deciding, that on the application in its present form the plaintiff could claim relief under Rules of Civil Practice, rule 110, the plaintiff concededly has not made the motion to strike out this counterclaim because of the pendency of the prior suit within ten days after the service of the answer. Under Rules of Civil Practice, rule 110, which refers to a dismissal of a counterclaim where a prior action is pending between the same parties for the same cause, the motion must be made within ten days after the service of the answer. (*Berler* v. *Edelsohn*, 216 App. Div. 847.) The plaintiff's motion, therefore, not being timely, relief cannot be granted under Rules of Civil Practice, rule 110. The counterclaim and defense are sufficient in law. The plaintiff's application, therefore, for summary judgment must be denied. The defendants, in their opposing affidavits, request that the actions be consolidated. This relief they are entitled to and the application to consolidate is granted. Motion denied. Settle order on two days' notice.